W. J. CURREN, Respondent, v. WILLIAM STORY, Appellant.

(170 N. W. 875.)

**Appeal and error — discretion of trial court.**

1. An application for a change of place of trial for the convenience of witnesses is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless an abuse of discretion is shown.

**Appeal and error — witnesses — change of place of trial.**

2. In the instant case it is held that an application for a change of place of trial for the convenience of witnesses was properly denied.

Opinion filed December 21, 1918.

Appeal from the District Court of Barnes County, *Coffey,* **J.**

Defendant appeals from an order denying his motion for a change of place of trial.

Affirmed.

*Sullivan & Sullivan,* for appellant.

It is the duty of the court to look to the affidavits as well as to the issues to be tried and determine from the entire showing made in which of the two courts a trial will be most accessible to the greatest number of witnesses required. Clanton v. Ruffner (Cal.) 20 Pac. 676; Woolworth v. Klock, 86 N. Y. Supp. 1111; Church v. Swigert, 90 N. Y. Supp. 939.

*M. J. Englert,* for respondent.

The place of trial in such cases is primarily for the trial court to determine, and its discretion in such matters will not be reviewed or interfered with by the appellate court unless a manifest abuse of discretion has been committed, the burden of proof of such facts being upon the warrant and appellant. Comp. Laws 1913, § 7418; Boeren v. McWilliams, 33 N. D. 339, 157 N. W. 117; Kramer v. Heins, 34 N. D. 507, 158 N. W. 1061.

The test of what is within the discretion of a court is whether the case may be decided either way. The only limitation upon the exercise of discretionary power is that it must not be abused. Haynes, New Trial & App. § 289, p. 1650.

CHRISTIANSON, Ch. J. The defendant appeals from an order denying his motion for a change of venue from Barnes county to Morton county. The motion for a change of venue was made solely upon the ground of convenience of witnesses, and under authority of § 7418, Compiled Laws 1913, which provides that "the court may change the place of trial in the following cases: . . . (3) When the convenience of witnesses and the ends of justice would be promoted by the change."

Of course, the party who applies for a change of venue on this ground has the burden of proof, and must establish affirmatively the facts entitling him to such change. 40 Cyc. 165. He must show clearly that the convenience of witnesses and the ends of justice will in fact be promoted by a change of venue. Cyc. says: "It should clearly appear that the convenience of witnesses will in fact be promoted, and the change should not be made merely for the convenience of a party to the action, or a single witness, or, in the absence of other considerations, for the convenience of one party's witnesses where those of the other would be equally inconvenienced." 40 Cyc. 137.

It is well settled that motions for a change of venue on this ground are addressed to the sound judicial discretion of the trial court. Robertson Lumber Co. v. Jones, 13 N. D. 112, 99 N. W. 1082; Kramer v. Heins, 34 N. D. 507, 158 N. W. 1061; 5 Standard Proc. 13; 40 Cyc. 137; 4 Enc. Pl. & Pr. 442, 443. Cyc. says: "Applications on this ground are ordinarily addressed to the discretion of the court, which will not be interfered with unless manifestly abused, and various considerations may arise which will justify a denial of an application based upon this ground." 40 Cyc. 136.

In determining such application for a change of venue the trial court should "look to the affidavits as well as the issues to be tried, and determine upon the entire showing made in which of the two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require and reasonably expect to obtain." Robertson Lumber Co. v. Jones, 13 N. D. 112-116, 99 N. W. 1082. The statute requires not only that the convenience of witnesses, but that "the ends of justice," shall be promoted by the change. Hence, in determining the application the court may properly consider the consequences of a change of venue upon the

expedition and expense of the trial. 4 Enc. Pl. & Pr. 418; 5 Standard Proc. 14.

As already stated the applicant for a change of venue has the burden of proof. His application should state facts, not conclusions. "He should state the names of the proposed witnesses, their number, and their residence. . . . Likewise should be shown that the proposed witnesses are necessary and material, what is expected to be proved by them, and that the applicant cannot safely proceed to trial without" their testimony. 4 Enc. Pl. & Pr. 414–416; 40 Cyc. 162, 163; 5 Standard Proc. 14.

The complaint in the instant case states a cause of action for certain extras—labor and materials—furnished by plaintiff in constructing a certain building for the defendant in Mandan, North Dakota. No claim is made for the original contract price. The answer admits that the parties contracted for, and that the plaintiff constructed, a certain building. The answer also admits that the plaintiff furnished certain additional labor and material, and that the defendant agreed to pay therefor, but denies the amount and value thereof to be as alleged in the complaint. The answer also avers that under the terms of the written contract all differences between the parties must be submitted to arbitration. The answer further sets forth certain counterclaims, all relating to and based upon alleged departures from the original plans, defects in workmanship, and failure on plaintiff's part to comply with certain stipulations in the building contract.

The motion for a change of venue was based solely upon the pleadings in the case and the affidavit of one of defendant's attorneys. The defendant himself made no affidavit, and no reason is shown for his failure to do so. In his affidavit, defendant's attorney states that "the issues in said action as is apparent from the complaint and answer herein involve the showing to the jury of a great mass of detail in connection with the construction, manner of construction, material, and quality thereof, and appearance of said building; that the same also will require the evidence of many, several, and divers witnesses who have seen the said building and know the facts at issue between the parties hereto; that the trial of said action will also involve the testimony of many witnesses as to the values of the particular items at issue in the complaint and answer, and all of said witnesses to be

used in this action other than the plaintiff and defendant themselves, are residents of Mandan or the vicinity thereof, in Morton county, and the convenience of witnesses would therefore be greatly subserved by changing the place of trial of said action from Barnes county to Morton county." And "that a viewing of these premises by the jury will be proper in this case, and the proper request will be made therefor, and in no better way can the facts with reference to the appearance and general condition and general construction of said building be shown to said jury."

It will be noted the affidavit of defendant's counsel does not state the names of any proposed witnesses, nor does it state what any proposed witness or witnesses will testify to or even what defendant expects to prove by them.

The plaintiff's attorney made an opposing affidavit wherein he states that the plaintiff and defendant are both residents of Barnes county; that the plaintiff is absent and unable to make the affidavit in his own behalf, and hence the affidavit is made by the attorney for him. The affidavit states that, in addition to the facts appearing from the pleadings, he has made further investigation and has been informed and from such information states as a fact: "That the great bulk of the witnesses live more conveniently to Valley City than they do to Mandan, and that it would greatly inconvenience the plaintiff to have the said case transferred to Mandan for trial, for the reason that he has several witnesses in said cause, and among them the bookkeeper and draftsman, and that all of the material and books are kept in Valley City, North Dakota, where the said plaintiff has his office and where his records are kept and maintained; that the plaintiff has a number of witnesses that will be needed and must necessarily be called, in view of the dispute and denial set up in defendant's answer, to substantiate the various items of plaintiff's complaint, and that if the said cause were transferred to Mandan, North Dakota, that he would be put to a great expense and inconvenience in the calling of the said witnesses, besides taking them away from their work, to a great detriment of the plaintiff and to the witnesses themselves."

We have already stated the rules of law applicable to motions for a change of venue on the ground of inconvenience of witnesses. These rules govern the trial courts in determining such motions. The question

whether a change of venue should be granted is primarily one for the trial court. When a motion for change of venue is made on a discretionary ground, the appellate court merely reviews the ruling of the trial court for the purpose, and to the extent, of ascertaining whether that court abused its discretion and affected an injustice.

In the case at bar we are entirely satisfied that the trial court was right in refusing to order a change of venue. The order appealed from must be affirmed. It is so ordered. It is also ordered that the record be forthwith returned to the District Court.