BURNETT WOLFSON, Jay Gordon and Dudley L. Nash, as trustees of the Gordon Clothing Company of Minot, North Dakota, a Dissolved Corporation, Respondents, v. O. A. SCHIEBER, and O. A. Schieber, Trustee in Bankruptcy of Abe Gordon, and O. A. Schieber, Receiver of the Gordon Clothing Company of Minot, North Dakota, a Corporation, and American Surety Company of New York, a Corporation, Appellants.

(201 N. W. 830.)

**Venue — party moving for change has burden of establishing necessary facts.**

1. On motion for a change of place of trial on the ground of convenience of witnesses, the moving party has the burden of establishing such facts as will warrant the trial court in ordering the change.

**Venue — motion for — addressed to court's sound discretion.**

2. A motion for a change of place of trial on the ground that it is required for the convenience of witnesses and to promote the ends of justice, is addressed to the sound judicial discretion of the trial court.

**Appeal and error — rulings of court in discretionary matters not disturbed unless manifest abuse.**

3. Rulings of the trial court in matters that are addressed to its sound judicial discretion will not be disturbed on appeal, except in cases of manifest abuse.

Opinion filed December 31, 1924.

Appeal and Error, 4 C. J. § 2753 p. 796 n. 15. Venue, 40 Cyc. p. 117 n. 30; p. 165 n. 59.

Appeal from an order of the District Court of Renville County, *Burr, J.*

Affirmed.

*G. W. Twiford (Todd & Fosness, Fowler, Carlson, Furben & Johnson, E. R. Sinkler* and *S. W. Thompson,* of counsel), for appellants.

*Francis Murphy,* for respondents.

NUESSLE, J. This action is upon an indemnity bond. It was be-

Note.—(2) Change of venue discretionary, see 27 R. C. L. 827.
(3) Review of discretionary rulings, see 27 R. C. L. 827.

gun in the county of Renville and was on the calendar for trial at the February, 1924 term in said county. At the beginning of the term, the attorneys for the defendant moved for a continuance. The grounds for such motion were set out in an affidavit made on behalf of the defendants, wherein it was recited that many witnesses would be required by the defendants; that it would be necessary to resort to the use of the records made in other proceedings and to various papers and documents; that all of such records, papers and documents were then being used or would be used, in the trial of a case in the Federal Court at Minot and that it was impossible to then procure the same; that it was impossible to procure the attendance of various of the witnesses required by the defendants. The motion for a continuance was granted. Thereupon the plaintiffs moved that the place of trial of the cause be changed from the county of Renville to the county of Ward. This motion was made upon an affidavit in behalf of the plaintiffs and upon the files and records in the action, including the affidavit filed by the defendant for a continuance. The affidavit of the plaintiffs set out that the various plaintiffs were residents of the city of Minot and county of Ward; that numerous witnesses were required and would be called on behalf of the plaintiffs; that none of such witnesses were residents of the county of Renville; that many of them, as well as several of the witnesses for the defendant, were residents of the county of Ward; that such of the witnesses, both for plaintiffs and defendants, as were not residents of the county of Ward were, with the exception of the defendant Schieber, residents of other counties than the county of Renville or were non-residents of the State of North Dakota; that the county seat of said Renville county was on a branch line of railroad; that the train service to and from such county seat was inadequate; that the hotel facilities were inadequate; that the weather was inclement; that the facilities, both railroad and hotel, in the city of Minot were ample; that in any event it was much easier for witnesses to reach the city of Minot than the county seat of Renville county; that the books and records referred to by the defendants in their motion for continuance, as well as those required by the plaintiffs, were then in the city of Minot and accessible there; that for all of these reasons the convenience of all of the parties and the ends of justice required that the place of trial of the cause be changed from the

county of Renville to the county of Ward. This motion on the part of the plaintiffs was resisted by the defendants who filed a counter showing in effect denying all of the matters and things set out in the plaintiffs' affidavit as to the convenience of the witnesses, and made a further showing that the defendant Schieber was a resident of the county of Renville; that he was entitled to have the cause tried in such county; that he would be greatly inconvenienced by reason of the removal of the cause to the county of Ward; that his expenses attendant upon the trial would be greatly increased thereby; and that the cause could not be given a fair trial in that county. The district court, after a consideration of the showings as made, granted the motion and ordered a change of the place of trial from the county of Renville to the county of Ward. From this order the defendants perfected an appeal and the matter is now before this court.

The defendant Schieber was a resident of Renville county; his co-defendant was a non-resident of the state. Therefore, in the first instance the proper venue of the cause was in Renville county. See § 7417, Comp. Laws, 1913. And if originally the venue had been placed in another county, the defendant Schieber was entitled on demand to a change to the county of Renville. See § 7418, Comp. Laws, 1913. Section 7418 also provides that the court may change the place of trial "(3) When the convenience of witnesses and the ends of justice would be promoted by the change." In the instant case the motion for change of place of trial was based wholly on this latter provision of the statute. While the rule is that he who applies for a change of place of trial has the burden of establishing such facts as will warrant the trial court in ordering the change (see Curren v. Story, 41 N. D. 361, 170 N. W. 875), it is likewise the rule that a motion for a change of place of trial on the ground that it is required for the convenience of witnesses and to promote the ends of justice is addressed to the sound judicial discretion of the trial court. See Curren v. Story, supra; Kramer v. Heins, 34 N. D. 507, 158 N. W. 1061; Robertson Lumber Co. v. Jones, 13 N. D. 112, 99 N. W. 1082.

Furthermore, it is well settled that this court will not disturb rulings of the trial court in matters that are addressed to that court's sound judicial discretion, except in cases of manifest abuse. See

Curren v. Story, supra; Booren v. McWilliams, 33 N. D. 339, 157 N. W. 117; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. The question, then, that we must here determine is not whether the plaintiffs were, as a matter of right, entitled to a change of place of trial, but whether there was an abuse of judicial discretion on the part of the trial judge in ordering the change. We think that standing alone the affidavit of the plaintiffs was subject to challenge. It did not meet well settled requirements. It did not specifically name the witnesses claimed to be necessary by the plaintiffs, nor specify the documents or papers required. It did not set out what was expected to be proved by such witnesses and evidence. In the main, it stated conclusions rather than facts. But the motion was based upon the files and records in the case, including the affidavit of the defendant for a continuance, as well as on the affidavit of the plaintiffs, and it was the duty of the court to look to and consider the whole record in passing upon the motion. As was said by Mr. Justice Christianson in Curren v. Story, supra. "In determining such application for a change of venue the trial court should 'look to the affidavits as well as the issues to be tried, and determine upon the entire showing made in which of the two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require and reasonably expect to obtain.' The statute requires not only that the convenience of witnesses but that the 'ends of justice' shall be promoted by the change. Hence, in determining the application the court may properly consider the consequences of a change of venue upon the expedition and expense of the trial." We think that on the showing as addressed to the trial court in the instant case there was a sufficient showing made to require the exercise of discretion. We are not prepared to say that there was an abuse of discretion on the part of the trial court, and the order must, therefore, be affirmed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., concur.