McCONNON & COMPANY, a Corporation, Appellant, v. LEON-ARD J. SLETTEN et al. D. B. McDONALD, Respondent.

(213 N. W. 483.)

**Venue — action may be brought in county where any defendant resides.**
    1. Where an action is brought against two or more defendants, residing in different counties, the plaintiff may bring the action in a county in which any one of these defendants resides; and the fact that the defendant residing in the county where the action is brought does not answer is no ground for a change of the place of the trial to the county of an answering defendant.

**Venue — when application for change may be made.**
    2. An application for change of venue on the ground of convenience of witnesses cannot be made until after the issues have been joined by the filing of an answer.

**Venue — change for convenience of witnesses — what application must show.**
    3. Where a change of the place of trial is requested on the ground of con-

venience of witnesses the applicant must show to the court what he expects to prove by these witnesses, and the court will examine the affidavits and the pleadings to determine the materiality of the alleged testimony. If such desired testimony is not admissible under the issues as framed by the pleadings no change should be granted for the convenience of witnesses.

**Venue — convenience of witnesses — must be other than parties to action.**
4. In an application for change of venue on the ground of convenience of witnesses, the convenience of a defendant is not considered. They must be witnesses other than the parties to the action.

Opinion filed March 15, 1927. Rehearing denied May 7, 1927.

Venue, 40 Cyc. p. 99 n. 87; p. 120 n. 54; p. 137 n. 45; p. 140 n. 73; p. 149 n. 80; p. 163 n. 31.

Appeal from the District Court of Cass County, *Englert,* J.
Reversed.

*Burfening, Conmy, Soule & Pierce,* for appellant.

"The right to a change of place of trial of an action is determined by the pleadings, at the time the party claiming the right first appears and makes a demand." Bremen Elevator Co. v. Farmers & M. Bank, 54 N. D. 540, 210 N. W. 25.

"That a change of venue may not be demanded after an answer has actually been served, even though the time for answering which is provided by statute has not expired." McCarthy v. Thornton, 38 N. D. 551, 165 N. W. 499.

"The demand must conform to the requirements of the statutes and be sufficient both in form and substance." 40 Cyc. 142.

"Where a defendant through mistake, inadvertence or excusable neglect fails to demand a change of place of trial and to interpose an answer within the time prescribed by law, the trial court may upon proper showing, relieve the defendant from his default both as regards his failure to answer and the failure to demand a change of place of trial." Price v. Williston, 41 N. D. 209, 171 N. W. 245.

*Sad & Duffy,* for respondent.

"Generally where a statute prescribes residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, and whenever the terms are used in connection with subjects of domestic policy, domicil and residence are equivalent." 19 C. J. 397.

"Application on some grounds would be premature if made before issue joined, as where the application is based upon the ground of local prejudice, or the convenience of witnesses."   40 Cyc. 149.

It was evidently intended in North Dakota, no matter what may be the rule in other states, that the convenience of parties and the accessibility of the places of trial should be the subjects of consideration rather than the geographical location of the places.   Kramer v. Heins, 34 N. D. 513, 158 N. W. 1061.

BURR, J.   The amended summons and amended complaint in this case were served upon all of the defendants between the 24th day of July, 1926, and the 26th day of July, 1926, and on August 6, 1926, the defendant McDonald made demand for change of venue, on the ground that he was a resident of Griggs county.   Defendant McDonald's answer was served August 12, 1926, and the other defendants defaulted. Plaintiff declined to stipulate a change of venue and on August 13th, 1926, defendant McDonald served upon the plaintiff a motion for change of venue, basing his motion on the ground that the "county designated in the complaint is not the proper county, the residence of the real defendants D. B. McDonald and Peter J. Tang being in the county of Griggs,"—the ground alleged in his demand—and the additional ground "that the convenience of witnesses and the ends of justice would be promoted by a change from the county of Cass to the county of Griggs."   This motion was supported by affidavits of D. B. McDonald, Peter J. Tang, and M. W. Duffy and contested by the affidavits of T. D. Pierce and Leonard J. Sletten.   The district court granted the change and from the order granting the change plaintiff appeals.

The undisputed facts are that the defendant Sletten was, at the time of the commencement of the action, and ever since has been a resident of Cass county.   The fact that he agreed to a change of venue is not material.   Where the defendants live in different counties and the action is brought in the county where one of the defendants resided the other defendants have no absolute right to a change of venue even if all other defendants join.   Hellman v. Logan, 148 Cal. 58, 82 Pac. 848.   Therefore the defendant McDonald was not entitled to a change of venue simply because he resided in Griggs county, when it is shown one of the defendants lived in Cass County.   The fact this defendant defaulted

cannot be charged to the plaintiff. When plaintiff brought the action in Cass county it was necessary to make the defendant Sletten a party. It was asking judgment against him on an account which he owed and which it claimed the other two defendants guaranteed. The right is determined by the pleadings at the time demand for change is made. Bremen Elevator Co. v. Farmers & M. Bank, 54 N. D. 540, 210 N. W. 25.

The motion for change of venue was made on the further ground of convenience of witnesses. It is true this motion was not made until after the service of the answer but such motion cannot be made until after issues have been joined by the filing of an answer. Pascoe v. Baker, 158 Cal. 232, 110 Pac. 815. See also Cook v. Pendergast, 61 Cal. 72; Thomas v. Placerville Gold Quartz Min. Co. 65 Cal. 600, 4 Pac. 641. The party who applies for a change of venue has the burden of proof to establish facts entitling him to a change and the court must examine the affidavits as well as the issues to be tried to determine whether a change should be granted. Curren v. Story, 41 N. D. 361, 170 N. W. 875. The witnesses for whose convenience defendant desired a change are himself, his co-defendant Tang, Iver Iverson, and Walter E. Nelson. The affidavits supporting the motion should and do set forth what the witnesses would testify to, so that the court might determine whether the testimony was material. The gist of these affidavits is that defendant McDonald and defendant Tang guaranteed the payment by defendant Sletten of an indebtedness due from Sletten to the plaintiff arising out of a contract for the purchase of goods; that when the defendant Tang signed as surety he was so drunk he did not know what he was doing; that defendant Tang was financially irresponsible and told the defendant Sletten so, and that defendant Sletten said this was immaterial for if Tang would sign "they would stick old Mac." These are the only facts which it is said the witnesses would testify to. There was no showing this was ever communicated to defendant McDonald, that he knew anything about it, or that it in any way influenced his signing. It is clear that such testimony could not be a defense in that event and therefore would not be admissible. Not being able to use the witnesses there would be no need for a change for their convenience. The convenience of the defendant is not considered. He is not such witness contemplated by the statute. McDonald does not claim

to be able to prove his other defenses. by these witnesses. They involve the amount of goods furnished Sletten; the amount Sletten paid; the quality of the goods, etc. Defendant Sletten lives in Cass county and the plaintiff is entitled to have the case tried in Cass county unless defendant shows affirmatively that it is "for the convenience of witnesses" to have a change. The case of Curren v. Story, supra, sets forth requirements for a change of venue for convenience of witnesses and the showing in this case does not come within these requirements.

The change of venue should not have been granted on the showing made. If it were a matter of requiring use of discretion as to the "convenience of witnesses" who would be material we would be loathe to interfere; but in this case there is no showing of any materiality. Hence the order should be reversed, and it is so ordered.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON and NUESSLE, JJ., concur.