FARMERS STATE BANK, a Corporation, of Harvey, North Dakota, Respondent, v. GABRIEL HAGER and Mike Hager. MIKE HAGER, Appellant.

(225 N. W. 128.)

Opinion filed April 13, 1929.

*Traynor & Traynor* and *Senn, Casey, & Jongewaard,* for appellant.

*Aloys Wartner* and *L. J. Palda, Jr.,* for respondent.

BURR, J. The defendants are residents of Pierce county and the action was commenced therein. On motion of the plaintiff the court

granted a change of venue to Benson county. The ground for the motion was "that a fair and impartial trial of said action cannot be had in Pierce county." This motion was supported by five affidavits and was opposed by five affidavits. The court granted the motion and one defendant appeals.

The ground set forth as a basis for the change of venue is one of the grounds permitted by statute. See § 7418 of the Compiled Laws. The application is "necessarily addressed to the discretion of the trial court; and it follows that that court's ruling will not be disturbed unless the discretion has been abused." Kaczor v. Swendseid, 55 N. D. 770, 773, 215 N. W. 271; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. "Rulings of the trial court in matters that are addressed to its sound judicial discretion will not be disturbed on appeal except in cases of manifest abuse." Wolfson v. Schieber, 52 N. D. 165, 201 N. W. 830. Where it is alleged that public prejudice exists in the county where the action is to be tried the matter is primarily for the trial court to determine. See State v. Gordon, 32 N. D. 31, 155 N. W. 59, Ann. Cas. 1918A, 442. With these established rules in mind we are required to examine the affidavits presented to see whether reasonable, intelligent men can say there was such a presentation which, if the trial court believed it, would show an impartial trial could not be had in Pierce county.

The allegations in the supporting affidavits are contradicted by the rebutting affidavits. The appeal is not determined by how this court would pass upon the affidavits, but whether a reasonable, intelligent basis for the decision rendered is shown in the affidavits. We merely review "the ruling of the trial court for the purpose, and to the extent of ascertaining whether that court abused its discretion and effected an injustice." Curren v. Story, 41 N. D. 361, 365, 170 N. W. 875. It is conceded by both sides that this case has already been tried twice in Pierce county. At each trial the jury disagreed. There are allegations as to how the jury stood at each trial; but as these must necessarily be based upon hearsay we do not consider them.

L. J. Palda, Jr., one of the counsel for plaintiff, swears that "everyone with whom I came in contact seems to be familiar with the facts and testimony in connection with said case," and therefore "he does not believe that a fair and impartial trial of said action can be had be-

fore a jury in Pierce county." To the same effect are the affidavits of Aloys Wartner, another of the counsel, L. W. Miller, president of the plaintiff corporation, and F. J. Seeba, cashier of the defendant corporation. Neither shows with how many he "came in contact."

H. B. Nelson testifies that he is a resident of Pierce county, a lawyer, and has been practising his profession is Rugby for some five years last past. He says that he "is personally acquainted with a large number of the jurors who sat upon the two trials of the above entitled action, and is also personally acquainted with a large number of the other members of the two jury panels serving at the time said action was tried and that affiant has heard the above entitled action discussed by the members of the two juries and members of the two jury panels on numerous occasions and has heard the matter discussed between others in Pierce county, North Dakota, from time to time since the first trial of said action and has heard divers and sundry persons express an opinion that a jury to try said case fairly and impartially in Pierce county, North Dakota, could not be obtained for the reason that any jury that might be selected to try said action in Pierce county, North Dakota, would have heard of the said action and the fact of the two prior disagreements therein and would more or less have formed an opinion in regard to the merits of said action and particularly with reference to whether or not an agreement could be reached and that affiant generally believes that it would be extremely difficult, if not impossible, to obtain in Pierce county a jury wholly free from knowledge, bias or prejudice in regard to the said action and that by reason thereof a fair and impartial trial of said action in Pierce county, North Dakota cannot be had."

There are other allegations in these affidavits which we need not consider.

The affidavits furnished by the defendant are directed largely against these "other" allegations of plaintiff's affidavits; but also show his witnesses will be inconvenienced by a change, and three affiants believe a fair trial can be had in Pierce county, without, however, showing any basis for this belief.

It was for the trial court to say whether, in view of the two disagreements and the conflicting affidavits furnished by the parties, a change of venue should be granted. In Booren v. McWilliams, 33 N. D. 339,

345, 157 N. W. 117, it is said: "Generally no abuse of discretion will be presumed or inferred where there are conflicting affidavits." The plaintiff was not required to prove an absolute right to a change of venue. "The question involved is not whether the respondent had an absolute right to such a change, but whether the trial judge abused his discretion in allowing it." Kramer v. Heins, 34 N. D. 507, 512, 158 N. W. 1061.

There is sufficient ground to base judicial discretion for a decision either way. The trial court exercised its discretion in favor of the motion. It is a fact that the appellant has a statutory right to have the case against him tried in the county in which he lives. This right should not be taken away except for good cause shown. However, there being a reasonable basis for the decision made by the trial court it is not for this court to reverse the decision. The order granting the change of venue is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.