[File No. 6232.]

MARIAN OTT, Respondent, v. L. R. KELLEY, Appellant.

(252 N. W. 269.)

Opinion filed January 15, 1934.

*Nilles, Oehlert & Nilles,* for appellant.

*Simpson, Mackoff & Kellogg,* for respondent.

Burr, Ch. J. The defendant lives in Grant county. The plaintiff brought one action against the defendant in Stark county for personal injury occasioned by a collision between two automobiles, and another action for damages because of the death of her husband in the same collision.

Within the time prescribed by law the defendant demanded a change of venue in the first case and thereafter the parties stipulated a change to Grant county—no reference being made by plaintiff to any reservation of rights.

The answer in the first case is dated September 23, 1933, and the answer in the second case October 14. On September 27th plaintiff noticed the first case for trial in Grant county.

On October 20 the plaintiff moved for a change of venue to Stark county on the ground of convenience of witnesses and furtherance of justice. By order of Judge Berry the motion was set for hearing before Judge Lembke at Manning, on October 24, 1933. The court ordered a change to Stark county, and from this order defendant appeals.

As stated by appellant, the demand, stipulation, affidavits in support of application for change of venue, etc. "on appeal in the second action are precisely in the same form as those involved in the first action," as are also demand for change of venue and the order. Therefore we

consider the affidavits together and determine the two appeals in the one hearing.

The appellant says that the plaintiff, having stipulated a change of venue upon the demand of the defendant, has waived her right to make application for change; that by noticing the first case for trial in Grant county the plaintiff has waived any right to a change of venue in that case; the showing made in support of plaintiff's application is so defective that the court abused its discretion in granting the change of venue.

Appellant says that a party may waive his right to a change of venue and this waiver may be shown "by a stipulation or agreement expressly or impliedly to this effect" or by delay in making the application, etc., citing the rule laid down in 40 Cyc. 124, and Tubbs v. Embree, 89 Hun, 475, 35 N. Y. S. 320, 321; Coleman v. Hayes, 92 App. Div. 575, 87 N. Y. S. 12, 14, and Schaaf v. Denniston, 121 App. Div. 504, 106 N. Y. S. 168, 170. We do not consider the cases cited are in point, except to show that under certain circumstances a right to trial by jury, or to a change of venue may be lost because of acts of the moving party, and no one disputes this principle.

The stipulation changing the place of trial to the county of the defendant's residence is not in itself a waiver of any right the plaintiff may have to demand a change of venue on the ground of convenience of witnesses. The defendant was entitled to his change as a matter of right. Section 7415, Comp. Laws Supp. 1925, and § 7418 Comp. Laws Supp. 1913. The plaintiff could not prevent it. See Hinsey v. Alcox, 38 N. D. 52, 164 N. W. 296; Fargo Silo Co. v. Pioneer Stock Co. 42 N. D. 48, 171 N. W. 849; Thorson v. Weimer, 59 N. D. 457, 230 N. W. 596; Clark v. Cleveland, 60 N. D. 460, 235 N. W. 342. The stipulation for a change was a mere courtesy to the defendant and relieved him from the necessity, labor and cost of a formal appearance and argument before the district court.

The district court of Stark county could not retain jurisdiction because of convenience of witnesses and the furtherance of justice. That was a matter for the district court of Grant county to determine. Clark v. Cleveland, 60 N. D. 460, 235 N. W. 342, supra; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; Ivansuch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333. It appears the California courts hold the appli-

cation for change of venue because of convenience of witnesses can be made in opposition to a change to the proper county (Sheffield v. Pickwick Stages, 191 Cal. 9, 214 P. 852), but we believe the Dakota rule to be the better and more logical one. The rule should be a uniform one and as demand for change to the proper county must be made before the time for the answer expires (Comp. Laws, § 7418), while change for convenience of witnesses can not be made until issues are joined; and as the former is a right and the latter a favor it is more orderly to have these separate issues tried each in the proper court. Hence the stipulation waived no right. Maher v. Davis & S. Lumber Co. 86 Wis. 530, 57 N. W. 357.

The noticing of the case for trial in Grant county was not a waiver of a right to change of venue on the ground of convenience of witnesses and furtherance of justice. It was to the district court of Grant county the plaintiff would apply for a change of venue.

Even if noticing the case for trial is considered acquiescence in the jurisdiction of the district court of Grant county, there was nothing to prevent a subsequent motion to change the venue. If the action had been commenced in Grant county—the proper county—plaintiff would have had the right to ask for a change of venue on account of convenience of witnesses and the furtherance of justice.

There is nothing to indicate delay on the part of the plaintiff in making her application. The first case was not at issue until September 23rd and the second case was not at issue until October 14th. The application for change of venue was made October 20th. The plaintiff moved quite promptly. No claim of waiver can be founded upon the theory of delay.

The actions are founded upon a collision which the plaintiff says was caused solely by the negligence of the defendant and in which she was seriously injured and her husband killed—the personal injuries being the subject of the first action and the death of her husband the subject of the second action. The accident took place in Stark county at a point some distance west of Dickinson. The affidavits in support of the application are voluminous. They set forth the names of a large number of witnesses, other than the parties themselves, their residences, the expense of getting them to Grant county, the inconvenience of these witnesses, and in general what some of the witnesses will

testify to, though exception is taken by the appellant to the affidavits on the ground that they are indefinite and not precise. Plaintiff makes an issue of a probable time for terms of court in Grant county, the public expense, the probable effect of such expense in preventing a term of court in Grant county, and other matters appealing to the discretion of the court in determing "furtherance of justice."

An application for change of venue on the ground of convenience of witnesses in furtherance of justice is addressed to the sound judicial discretion of the court. Wolfson v. Schieber, 52 N. D. 165, 201 N. W. 830.

The trial court, in deciding whether a change of venue should be granted, must determine in which of the "two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require and reasonably expect to obtain" (Curren v. Story, 41 N. D. 361, 170 N. W. 875); and whether the showing is such as to indicate that justice will be better promoted in Stark county than in Grant county. Kiley v. Meckler, 57 N. D. 217, 220 N. W. 926.

True, the burden of proof is upon the moving party (McCarty v. Thornton, 38 N. D. 551, 165 N. W. 499; Curren v. Story, 41 N. D. 361, 170 N. W. 875, supra; Wolfson v. Schieber, 52 N. D. 165, 201 N. W. 830, supra; Kiley v. Meckler, 57 N. D. 217, 220 N. W. 926, supra); but, the trial court being required to exercise judicial discretion in passing upon issues presented, the presumptions on appeal are in favor of the legality of the orders involved.

If upon examination of the whole record we can not say the trial court abused its discretion in granting the change of venue, its action will be sustained. The examination of the whole record in these cases does not show such an abuse of discretion as justifies a reversal and hence the orders are affirmed.

NUESSLE, CHRISTIANSON, MOELLRING and BURKE, JJ., concur.