Dennis BARKMAN, Plaintiff and Respondent,

v.

John QUAM, St. Thomas Lumber Company, and L. J. Williams, Defendants and Respondents,

and

Gordon Bartholomay, Defendant and Appellant.

No. 8085.

Supreme Court of North Dakota.

Oct. 9, 1963.

Frank J. Kosanda, Grand Forks, for plaintiff and respondent.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for defendants and respondents John Quam and St. Thomas Lumber Company.

Maurice Weeks, Bottineau, for defendant and respondent L. J. Williams.

Nilles, Oehlert & Nilles, Fargo, for defendant and appellant.

STRUTZ, Judge.

This is an appeal from an order denying a motion for change of venue on the ground of convenience of witnesses and on the further ground that such change would promote the ends of justice. The case involves an automobile accident which occurred on U. S. Highway No. 81, north of Grandin, in Traill County. The sole issue on appeal is whether the trial court abused its discretion in denying the motion of the defendant Bartholomay for such change of place of trial.

The plaintiff is a resident of Canada. In starting his suit against the defendants, all of whom are residents of North Dakota, he commenced the action in Grand Forks County. After service of summons and complaint, the defendant Quam, before answer, served and filed a demand for change of venue to Pembina County, the county of his residence. The defendant Williams served demand for change of venue to Bottineau County, his place of residence. This demand, however, was made subsequent to the demand for change of venue by the defendant Quam. No stipulation for change of venue to Pembina County was entered into by the plaintiff on such demand. However, the plaintiff thereafter served his note of issue placing venue of the action in Pembina County as demanded by defendant Quam, who had served the first demand for change.

Following these events, the defendant Bartholomay made and served his notice of motion and motion for change of venue from Pembina County to Cass County, or, in the alternative, to Traill County, the county where the accident occurred. This motion was made on the ground of convenience of witnesses and on the further ground that granting the motion would promote the ends of justice. The motion was supported by numerous affidavits, all to the effect that many witnesses in the action, including police officers, doctors, and persons having charge of hospital and medical records would be convenienced if the place of trial were changed from Pembina County to Cass County or Traill County. The defendant Bartholomay further pointed out that the scene of the accident could be more readily visited by the jury in the event of the granting of the motion.

The motion was heard by the Honorable Ray R. Friederich, one of the judges of the district court of Pembina County. All parties to the action were represented by counsel at the hearing on such motion. No counter-affidavits were submitted by either the plaintiff or the other defendants to show that they, or any of them, would be prejudiced or inconvenienced by the granting of such motion.

The trial court, after considering the motion and the affidavits submitted in support thereof, made an order denying the motion. It is from this order that appeal is taken to this court.

■ Counsel for the defendant Quam contends that the district court of Pembina County had no jurisdiction to pass on the motion for change of venue because the venue never had been properly changed by stipulation or by court order from Grand Forks County in the first judicial district, where the action was commenced, to Pembina County in the second judicial district. We believe this contention is without merit. The defendant Quam, before serving and filing his answer, made a written demand for change of venue to Pembina County, the county of his residence. Our statute specifically provides that the place of trial of an action, when such action is commenced in an improper county, may be changed by consent of the parties or by order of the court. Sec. 28-04-06, N.D.C.C. The defendant Quam had an absolute right to such change of place of trial under Section 28-04-05 of the North Dakota Century Code. See also Clark v. Cleveland, 60 N.D. 460, 235 N.W. 342. The defendant Quam, by his demand in writing for a change of venue, consented to the change of place of trial to Pembina County. His demand obviously was consented to by the action of the plaintiff who, in preparing his note of issue, venued the case in Pembina County. The defendant Quam now is in no position to claim that the court had no jurisdiction to entertain the defendant Bartholomay's motion

for change of venue from Pembina County to Cass or Traill counties.

The trial court, however, made its order denying the motion of the defendant Bartholomay, from which order such defendant appeals. The sole issue before us on this appeal, therefore, is whether the court erred in denying such motion.

■ Our law provides for change of venue on certain grounds. Among these grounds we find convenience of witnesses and promotion of the ends of justice. Sec. 28-04-07(3), N.D.C.C. A motion for change of place of trial for the convenience of witnesses and to promote the ends of justice always is addressed to the sound discretion of the trial court. Curren v. Story, 41 N.D. 361, 170 N.W. 875; Gessner v. Benson (N.D.), 79 N.W.2d 152; Ott v. Kelley, 64 N.D. 361, 252 N.W. 269.

■ Where such motion for change of place of trial on the ground of convenience of witnesses would, if granted, inconvenience the witnesses for the plaintiff or the witnesses for the other defendants who are residents of Pembina County, denial of the motion would not be an abuse of discretion. Crosby v. Minneapolis, St. P. & S. S. M. Ry. Co., 57 N.D. 447, 222 N.W. 476.

■ This court has held that an order denying a motion for change of venue is not an abuse of discretion where there is no showing that the moving party would be prejudiced by such denial. Knoepfle v. Suko (N.D.), 114 N.W.2d 54. In this case, however, the defendant Bartholomay made a very credible showing in support of his motion. The accident occurred near Hillsboro, in Traill County, where a number of the witnesses for the defendant Bartholomay reside. The hospital and medical witnesses, the highway patrolman who investigated, and the engineer who made a drawing of the scene of the accident all reside in Cass County, adjoining Traill County. So far as the record discloses, no witnesses oth-

er than the defendants Quam and St. Thomas Lumber Company, who are parties to the action, reside in Pembina County. In the face of this showing for change of venue on the ground of convenience of witnesses, no affidavits were submitted by the plaintiff or by the defendants Quam and St. Thomas Lumber Company to show that the granting of the motion would in any way prejudice either the plaintiff or the other defendants to the action or showing that their witnesses would be inconvenienced by the change. This court has held that witnesses for whose convenience a change of venue is asked must be other than parties to the action. McConnon & Co. v. Sletten, 55 N.D. 388, 213 N.W. 483.

While we adhere to the rule which has been announced by this court in a number of decisions—that the trial court has a broad discretion in the matter of granting or denying motions for change of venue on any ground—where, as in this case, the evidence is clear and unconflicting and indicates that the motion should be granted for the convenience of witnesses, and where there is no showing by the plaintiff or by other defendants in the action that they would be prejudiced in any way by the granting of the motion, or that their witnesses would be inconvenienced if such motion were granted, or that the granting of such motion would create a hardship on the plaintiff or on the other defendants, refusal to grant such motion is an abuse of discretion.

The order denying the motion for change of venue is reversed with directions to the district court of Pembina County to grant the motion for change of place of trial and to change the place of trial from the district court of Pembina County, second judicial district, to the district court of Traill County, first judicial district, the county in which the accident occurred.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.