AMERICAN STATE BANK OF DICKIN-
SON and the Bank of North Dakota,
Plaintiffs, Appellants,

v.

Francis HOFFELT, Defendant, Appellee.

Civ. No. 9213.

Supreme Court of North Dakota.

Oct. 15, 1976.

Vogel, Vogel, Brantner & Kelly, Fargo, for plaintiffs, appellants; argued by H. Patrick Weir, Fargo.

McIntee & Whisenand, Williston, for defendant, appellee; argued by Frederick E. Whisenand, Jr., Williston.

SAND, Judge.

Plaintiffs, American State Bank of Dickinson and the Bank of North Dakota (hereinafter banks), appeal from an order of the district court of Williams County denying their motion for a change of venue. The motion was made under § 28–04–07(3), North Dakota Century Code, on grounds that it would promote the convenience of witnesses and the ends of justice. The trial court decided the motion without oral argument.

This action is before us for the second time. The first appeal, also on the issue of change of venue, was by defendant Hoffelt. [*American State Bank of Dickinson v. Hoffelt*, 236 N.W.2d 895 (N.D.1975).] The case arises out of a $950,000 loan made by the plaintiff banks to the Environmental Development Corporation, also known as ENDECO, Inc. Defendant Hoffelt and six other individuals, all directors of ENDECO, allegedly guaranteed payment of a promissory note executed and delivered to the plaintiff banks by ENDECO. When ENDECO allegedly defaulted under the terms of the note, a separate action was brought by plaintiffs against each of the guarantors in Stark County district court. After the action was initiated, defendant Hoffelt moved for a change of venue to Williams County, the county of his residence. The banks resisted his motion, which was subsequently denied by the trial court. Hoffelt appealed, whereupon this court reversed the order denying change of venue and directed the change of venue to Williams County.

After the case was transferred to Williams County, plaintiffs moved for change of venue back to Stark County, asserting that such a change would promote the ends of justice and the convenience of witnesses.

In the affidavit accompanying their motion, the banks claimed that six other defendants were sued on the same guarantee, of which all but two reside outside the State; that the two residing in the State live in Dickinson, in Stark County; that all seven individuals sued on the guarantee were directors of ENDECO, which had its main offices in Dickinson; and that all the related cases would be tried in Dickinson. Hoffelt's affidavit in resistance to the motion contained statements that none of the other guarantors would be witnesses against him and that his position as far as the alleged guarantee was different from that of the other six individuals; that all records of ENDECO were now in Fargo and that ENDECO had not operated in Dickinson for over two years; and that the banks had not made a showing that the convenience of witnesses and the ends of justice would be served by the change of venue.

The banks later served a supplementary affidavit on Hoffelt, stating, among other things, that when the case was originally venued in Stark County the trial court had ordered it consolidated with the other six actions on file at Dickinson, and that such consolidation was appropriate because Dickinson was the location of the corporation's home office, the home of the lead bank involved in the loan, the residence of the loan officer, the place where the loans were made, and the site of the corporation's physical plant. In a responsive supplementary affidavit and memorandum brief which followed, Hoffelt asserted an "absolute right" to trial in Williams County, the county of his residence, subject only to the court's discretion in changing venue for convenience of witnesses and the ends of justice; that the burden for such change was on the moving party; and that the consolidation of the related actions would be of no effect since the order denying Hoffelt's motion for change of venue was reversed by the Supreme Court.

The motion for change of venue back to Stark County was denied by the trial court. The two banks then perfected this appeal.

The applicable statute in this case is § 28–04–07(3), NDCC, which reads as follows:

"The court may change the place of trial in the following cases:

. . . . .

"3. When the convenience of witnesses and the ends of justice would be promoted by the change;"

In our previous opinion on this action, we stated that a motion for change of venue on grounds of convenience of witnesses and furtherance of the ends of justice was addressed to the sound judicial discretion of the court. *American State Bank of Dickinson v. Hoffelt*, 236 N.W.2d 895, 898 (N.D.1975). That discretion will not be disturbed by the reviewing court unless a clear abuse of it is shown. *Jamestown Plumbing & Heating Co. v. City of Jamestown*, 189 N.W.2d 656 (N.D.1971); *Bartholomay v. St. Thomas Lumber Company*, 124 N.W.2d 481 (N.D.1963). The question for our determination, then, is whether or not the trial court abused its discretion in denying the banks' motion for change of venue to Stark County.

As applicants, plaintiff banks had the burden of proof in demonstrating good cause for the change of venue. Such burden required a showing that *both* the convenience of the witnesses and the ends of justice would be promoted. *Kiley v. Meckler*, 57 N.D. 217, 220 N.W. 926 (1928). More importantly, this burden obligated the plaintiffs to affirmatively establish facts entitling them to the change. The requirements are well settled that the affidavit in support of such a motion may not only state conclusions, but must state facts upon which the trial court can make its determination. It must also contain specifics, rather than mere generalities. It should contain the names of proposed witnesses and their places of residence, that they are necessary and material witnesses, that the moving party cannot safely proceed to trial without their testimony, and what is expected to be proved by them. *Wolfson v. Schieber*, 52 N.D. 165, 201 N.W. 830 (1924);

*Curren v. Story,* 41 N.D. 361, 170 N.W. 875 (1918).

 The affidavits submitted by the banks in this case do not set forth with requisite specificity the names of those individuals expected to be called as witnesses, nor the substance of the testimony to be given by them, and whether that testimony is necessary and material. No reasonable factual basis was provided upon which the trial court could have granted the motion. Even if the court looked beyond the affidavits, which were clearly insufficient standing alone, to the whole record, we find no facts which could have convinced the court that a change would convenience witnesses and promote the ends of justice. All records of ENDECO are now in Fargo, as the corporation is under supervision of the United States District Court under Chapter X of the Federal Bankruptcy Act. The custodian of those records could travel just as conveniently to Williston in Williams County, where the action is presently venued, as to Dickinson. Although two of the individuals named as defendants in the related actions reside in Dickinson, it was not alleged in the affidavits that those individuals would be called as witnesses. Furthermore, the remainder of the individuals reside outside the State, and a change of venue to Stark County would not convenience them in any appreciable way, nor would it convenience the defendant, whose place of residence is Williams County.

 The banks' affidavits seem to suggest, although they do not state expressly, that a primary purpose in seeking this change of venue is to allow this action to be consolidated with the six related actions which are venued in Stark County. If that is indeed the purpose of the motion, a question arises whether or not the court could even consider the convenience of the other six defendants. If the seven actions were consolidated, the other named defendants would then be *parties* to the same action, and the general rule is that convenience of parties will not be considered. The convenience must be for the benefit of the witnesses other than parties. *Kiley v. Meckler,*

*supra; McConnon & Co. v. Sletten,* 55 N.D. 388, 213 N.W. 483 (1927).

 It is important to note that the action is currently venued in Williams County, the county of defendant Hoffelt's residence. Under § 28–04–05, NDCC, the defendant has a right to have the action tried where he resides, and it was for that reason we reversed the trial court's order in the previous appeal of this case. See *American State Bank of Dickinson v. Hoffelt, supra.* Although that right is subject to the trial court's discretion in granting a change of venue for the convenience of witnesses and the ends of justice, the defendant's right to trial at his place of residence is a significant factor and we are bound to take it into account when considering the motion before us. We conclude that no adequate demonstration of fact was made to justify a change away from Hoffelt's place of residence. In fact, if the motion for change of venue would have been granted by the trial court, based solely on the affidavits presented by the banks, a strong argument could have been made that it constituted a clear abuse of discretion. The affidavits and the record as a whole are unpersuasive and fall short of the clear showing necessary to support a change of venue. Our review discloses no abuse of discretion by the trial court. Its order is hereby in all things affirmed.

Affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.