**Helen L. PORTH, Plaintiff and Appellant,**

v.

**Curtis W. GLASOE, Defendant and Appellee.**

**Civ. No. 940081.**

Supreme Court of North Dakota.

Oct. 3, 1994.

Daniel J. Chapman, Chapman & Chapman, Bismarck, for plaintiff and appellant.

Timothy A. Priebe, Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, for defendant and appellee.

SANDSTROM, Justice.

Helen L. Porth appeals from a county court judgment dismissing her action for fraud against Curtis W. Glasoe. We hold the trial court did not abuse its discretion in denying Porth's motion for a change of venue and the court's finding of no fraud is not clearly erroneous. We affirm.

I

Porth owns property next to land farmed by Curtis's brother, Arthur Glasoe, in Divide County near Ambrose. A dispute arose over the location of the boundary line between the land. Curtis, a licensed land surveyor, agreed to help resolve the dispute by surveying the boundary. The parties disagree about whether Curtis's work was intended to be a finished survey, or a preliminary, control survey. Porth claimed Curtis's survey was a finished survey, which obviously divested her of part of her land. Curtis claimed he agreed to assist in a survey with Porth's friend, Oliver Huset, who was also a licensed land surveyor. Curtis contended his survey was a preliminary, control survey

which was not intended to finally establish the boundary line between the property.

Porth ultimately had the boundary established by Rolly Ackerman, an independent surveyor. She sued Curtis in Divide County, alleging he fraudulently and erroneously surveyed the boundary line to divest her of her property. She sought $1,687.60 for costs allegedly incurred in having the boundary correctly established by Ackerman[1] and punitive damages. Under N.D.C.C. § 28–04–05, Curtis timely demanded a change of venue from Divide County to Stark County, where he resides. The Divide County court granted his demand. Porth then moved under N.D.C.C. § 28–04–07(3) for a change of venue back to Divide County. The Stark County court denied her motion, and after a bench trial, the court found Curtis's preliminary survey did not constitute fraud. Judgment was entered dismissing Porth's action.

Porth appealed. We have jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. §§ 28–27–01 and 27–07.1–21. The appeal is timely under N.D.R.App.P. 4(a).

## II

Porth contends the Stark County court abused its discretion in denying her motion for a change of venue from Curtis's home county to Divide County. She argues the convenience of the witnesses and the ends of justice required venue of her action in Divide County. Curtis responds the trial court did not abuse its discretion in denying Porth's motion for a change of venue, because she failed to sustain her burden of showing the convenience of the witnesses and the ends of justice would be promoted by a change.

■ Chapter 28–04, N.D.C.C., outlines rules for determining the appropriate venue for a trial. " 'A party generally has a right to have an action tried in the proper county,

subject to the power of the court to change the place of trial as provided by statute.' " *Selland v. Selland*, 494 N.W.2d 367, 368 (N.D.1992), quoting *First Trust Co. v. Rub*, 490 N.W.2d 484, 485 (N.D.1992). In an action of this nature, a defendant has a statutory right to a trial in the county of the defendant's residence, "subject to the power of the court to change the place of trial as provided by statute." N.D.C.C. § 28–04–05.[2] The statutory right to a trial in the defendant's home county is a significant factor in determining venue and should not be denied except for good cause. *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d 484, 487 (N.D.1976); *Bartholomay v. St. Thomas Lumber Co.*, 124 N.W.2d 481, 485 (N.D.1963).

N.D.C.C. § 28–04–07 authorizes the court to change venue under certain circumstances:

> *"Court may change venue—Cases.* The court may change the place of trial in the following cases:
>
> \*  \*  \*  \*  \*  \*
>
> "3. When the convenience of witnesses and the ends of justice would be promoted by the change."

■ A party moving for a change of venue under N.D.C.C. § 28–04–07(3) must affirmatively establish both the convenience of the witnesses and the ends of justice would be promoted by the change. *Marshall v. City of Beach*, 294 N.W.2d 623, 628 (N.D. 1980); *Hoffelt*, 246 N.W.2d at 486. A party moving for a change of venue has the burden of stating facts, not conclusions, to support the change. *Wolfson v. Schieber*, 52 N.D. 165, 201 N.W. 830, 831 (1924); *Curren v. Story*, 41 N.D. 361, 170 N.W. 875 (1918).

■ In assessing "the convenience of witnesses," the convenience of the parties generally is not considered. *Stonewood Hotel, Inc. v. Davis Development, Inc.*, 447

---

1. Before suing Curtis in Divide County court, Porth had sued both Arthur and Curtis in small claims court in Divide County. However, the small claims court dismissed her action against Curtis because he was not a resident of Divide County and entered judgment of $1,217.40 against Arthur for his share of the expenses incurred by Porth in having an independent surveyor establish the correct boundary.

2. Section 28–04–05, N.D.C.C., provides, in part: *"Actions having venue where defendant resides.* In all other cases, except as provided in section 28–04–03.1, and subject to the power of the court to change the place of trial as provided by statute, the action must be tried in the county in which the defendant or one of the defendants resides at the time of the commencement of the action."

N.W.2d 286, 289 (N.D.1989); *Marshall*, 294 N.W.2d at 628; *Kiley v. Meckler*, 57 N.D. 217, 220 N.W. 926, 928 (1928); *McConnon & Co. v. Sletten*, 55 N.D. 388, 213 N.W. 483, 484 (1927). When a change in venue is requested for the convenience of witnesses, the moving party has the burden of showing the testimony of the proposed witnesses is material to prove issues to be tried. *Sletten*, 213 N.W. at 484; *Wolfson*, 201 N.W. at 831; *Curren*, 170 N.W. at 875. The convenience of witnesses whose testimony is merely cumulative is entitled to little consideration. *See Sletten; Wolfson; Curren.*

■ Although this Court has not comprehensively defined the phrase "ends of justice," we have outlined some factors to be considered, including the consequences of a change of venue on expediting the trial and reducing expenses, *Stonewood Hotel*, 447 N.W.2d at 289; *Wolfson*, 201 N.W. at 831; *Curren*, 170 N.W. at 875, and the desirability or necessity of a view by the jury. *See Barkman v. Quam*, 123 N.W.2d 824 (N.D. 1963). Other courts have also referred to the advantage of having jurors from the witnesses' vicinity pass upon the witnesses' credibility, the necessity of testimony by depositions if the motion is not granted, the location, accessibility, and availability of documentary evidence, and the parties' financial ability to transport witnesses. *See* Annot., *Construction and Effect of Statutory Provision for Change of Venue for the Promotion of the Convenience of Witnesses and the Ends of Justice*, 74 A.L.R.2d 16, § 6 (1960); 77 Am. Jur.2d, Venue, § 65 (1975).

■ A motion for a change of venue under N.D.C.C. § 28–04–07(3) is addressed to the discretion of the trial court and will not be reversed on appeal unless the court abuses its discretion. *Hoffelt*, 246 N.W.2d at 486; *Bartholomay*, 124 N.W.2d at 484; *Barkman v. Quam*, 123 N.W.2d at 826. The deference accorded a trial court in considering the adequacy of the information presented by a party moving for a change of venue juxtaposed against the statutory right to trial in the county of the defendant's residence is illustrated by this Court's decisions in *Barkman* and *Bartholomay*, two related cases arising out of the same automobile accident in Traill County.

In *Barkman*, this Court reversed a trial court order denying a defendant's motion for a change of venue from Pembina County either to Cass County or to Traill County. The trial was venued in Pembina County where defendant John Quam was a resident and defendant St. Thomas Lumber Company had its principal office. Defendant L.J. Williams was a resident of Bottineau County. The remaining defendant, Gordon Bartholomay, was a resident of Traill County, and he moved for the change of venue. He supported his motion with numerous affidavits indicating many witnesses would be inconvenienced if venue was not changed. Neither the plaintiff, a resident of Canada, nor any of the other defendants submitted responsive affidavits to show they would be prejudiced or inconvenienced by granting the motion for a change of venue. The trial court denied the motion. This Court reversed and directed a change of venue to Traill County, reasoning:

"While we adhere to the rule which has been announced by this court in a number of decisions—that the trial court has a broad discretion in the matter of granting or denying motions for change of venue on any ground—where, as in this case, the evidence is clear and unconflicting and indicates that the motion should be granted for the convenience of witnesses, and where there is no showing by the plaintiff or by other defendants in the action that they would be prejudiced in any way by the granting of the motion, or that their witnesses would be inconvenienced if such motion were granted, or that the granting of such motion would create a hardship on the plaintiff or on the other defendants, refusal to grant such motion is an abuse of discretion."

*Barkman* at 827.

In *Bartholomay*, Gordon Bartholomay had sued John Quam and St. Thomas Lumber Company in Cass County. The defendants demanded a change of venue to Pembina County, Quam's residence and the principal office of St. Thomas Lumber Company. Bartholomay then moved under N.D.C.C.

§ 28–04–07(3) for a change of venue either to Cass County or to Traill County. He supported his motion with an affidavit of his attorney stating many of his witnesses would be convenienced by a change of venue. The defendants resisted Bartholomay's motion with an affidavit of their attorney stating some of their witnesses were geographically closer to Pembina County and the ends of justice would be served by a trial in Pembina County.[3] The trial court denied Bartholomay's motion, and this Court affirmed, holding:

"We have reviewed the affidavits submitted in support of and opposed to the motion for change of place of trial and find there is sufficient ground to base judicial discretion for a decision either way. However, the appeal is not determined by how this court would pass upon the affidavits but whether a reasonable and intelligent basis for the decision rendered is shown in the affidavits. We merely review the ruling of the trial court for the purpose and to the extent of ascertaining whether that court abused its discretion. Curren v. Story, supra, and Farmers' State Bank v. Hager, 58 N.D. 62, 225 N.W. 128. It was for the trial court to say whether, in view of the conflicting affidavits furnished by the parties, a change of venue should be granted. Generally no abuse of discretion will be presumed or inferred where there are conflicting affidavits. Boeren v. McWilliams, supra, and Farmers' State Bank v. Hager, supra. The question involved is not whether the movants have an absolute right to such a change but wheth-

er the trial judge abused his discretion in denying it. Kramer v. Heins, supra.

"The trial court exercised its discretion and denied the motion. The defendants have a statutory right to have the case against them tried in the county in which they live. This right should not be taken away except for good cause shown. Some of the defendants' witnesses will be inconvenienced if the place of trial is changed to Cass County or Traill County. We find there is a reasonable basis for the decision made by the trial court and it is not for this court to reverse the decision."

*Bartholomay* at 485.

*Barkman* involved multiple defendants from different counties with one of the defendants seeking a change of venue and no responsive affidavits by any other party. *Bartholomay* involved conflicting affidavits where defendants invoked their statutory right to a trial in their home county in response to a motion for a change of venue by the plaintiff. These cases demonstrate the showing required under N.D.C.C. § 28–04–07(3) to overcome the statutory right to trial in the defendant's home county. *See also Hoffelt*, 246 N.W.2d at 487.

■ In this case, in support of her motion to move the trial from Curtis's home county, Porth relied upon her affidavit identifying herself and six other witnesses she intended to call at trial.[4] However, Porth's convenience is generally not entitled to consideration. *Marshall*, 294 N.W.2d at 628. According to Porth, her other witnesses were aged and suffered from various ailments, and they generally would testify they could see

---

3. This Court summarized the defendants' affidavit:

"In the defendants' affidavit it is also stated that the plaintiffs permitted one term of court to pass in Pembina County after venue had been changed to that county, that they did not press the matter for trial and that they were not diligent in making this motion. The affidavit states that if the place of trial is changed, the defendants will be deprived of the right of trial in the county of their residence; that it will inconvenience a number of the defendants' witnesses; that the removal prayed for would be prejudicial to the defendants; that more witnesses who can offer material evidence on the issue of cause, being the main issue of the

trial, reside in Pembina County than in Cass County; that the defendant Quam, as a result of the accident, was prosecuted on a criminal charge in Traill County, which case was tried to a jury and received considerable publicity and therefore it would be difficult to draw a jury in Traill County; that the convenience of witnesses and the ends of justice will not be served by moving the trial of the case to either Cass or Traill Counties but the ends of justice will be served by the case remaining in Pembina County for trial."

*Bartholomay*, 124 N.W.2d at 483–84.

4. Porth's attorney on appeal was not her attorney at trial.

the results of Curtis's "final survey" were not accurate. Porth's affidavit concluded:

"For the above named reasons of age and physical condition of myself and these witnesses, a trip to Dickinson would place a heavy burden on each and every one of us."

In response to Porth's motion, Curtis submitted an affidavit stating two of the primary witnesses he intended to call at trial were Rolly Ackerman and Oliver Huset, the registered land surveyors involved with the survey at issue in this case, and they would have to travel regardless of the venue of the trial. Curtis's affidavit also said he had talked to four of the people listed by Porth as intended witnesses, and they told him Porth had not contacted them about testifying, or about their medical condition. Two of the witnesses also had stated they were not willing to testify on her behalf. Curtis's affidavit stated he personally knew those witnesses and, in spite of their age, they were "all very active."

Porth's complaint alleged Arthur Glasoe told Porth he was going to " 'get her' " and " 'take five acres of land from her' " and thereafter Curtis deliberately and fraudulently conducted a survey in a manner to deceive her as to the correct location of the property line. As framed by Porth's complaint, the primary issue in this lawsuit was whether Curtis fraudulently and deliberately conducted an erroneous survey to establish the property line. The issue was whether Curtis's work was a final survey made with a fraudulent intent to divest Porth of her property.

Porth had the burden of showing the testimony of her proposed witnesses was necessary and relevant to prove issues to be tried. *Sletten,* 213 N.W. at 484; *Wolfson,* 201 N.W. at 831; *Curren,* 170 N.W. at 875. Porth's affidavit does not indicate her witnesses would have offered any testimony to aid in a determination of the finality of Curtis's survey, or the issue of fraud. The testimony of the witnesses identified in Porth's affidavit centered on their observations about the accuracy of Curtis's survey. However, there is no serious dispute Curtis's "survey" did not accurately locate the property line, and the

testimony of Porth's intended witnesses would have been cumulative on that undisputed issue. The convenience of witnesses whose testimony is merely cumulative is entitled to little consideration. *See Sletten; Wolfson; Curren.* Other than their observations that the result of Curtis's work was not accurate, Porth made no showing her witnesses would have testified about whether Curtis's work was a final survey, or any other specifics relating to fraud in the manner of his survey. Porth's showing was inadequate to justify a change in venue from Curtis's home county. *See Hoffelt; Bartholomay.*

Based on the issues raised by Porth's complaint and the conflicting affidavits filed by the parties, we conclude the trial court did not abuse its discretion in denying Porth's motion to change venue from Curtis's home county to Divide County.

### III

■ Porth contends the trial court's findings of fact are inadequate. Findings of fact must be sufficiently stated so we can understand the factual basis for the trial court's decision. *Gross v. Sta–Rite Industries, Inc.,* 322 N.W.2d 679, 682 (N.D.1982).

■ The trial court found:

"Plaintiff seeks damages for fraud in connection with a preliminary land survey in Divide County conducted in 1985.

"There is no fraud. There never was any fraud.

"What there was was a benevolent and magnanimous attempt to resolve a boundary dispute without incurring the expense of an official and costly survey."

The trial court's findings are sufficient to understand it found Curtis's survey was preliminary, was conducted without fraud, and was a "benevolent and magnanimous attempt to resolve a boundary dispute without incurring the expense of an official and costly survey." The findings are adequate to understand the factual basis for the trial court's decision Curtis did not commit fraud in performing a preliminary survey.

## IV

Porth argues the trial court's finding of no fraud is clearly erroneous.

A finding of fact is clearly erroneous if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction the trial court made a mistake. *E.g., Matter of Helling,* 510 N.W.2d 595, 597 (N.D.1994). Rule 52(a), N.D.R.Civ.P. When a trial court is presented with two permissible views of the evidence, the court's choice of one view is not clearly erroneous. *GeoStar Corp. v. Parkway Petroleum, Inc.,* 495 N.W.2d 61, 66 (N.D.1993).

The trial court was presented with two conflicting views of the evidence. Curtis presented evidence his survey was a preliminary, control survey which was not intended to be a final representation of the property line. Porth presented contrary evidence which showed she believed Curtis's survey was intended to be a final representation of the property line and which may have supported an inference of fraud. The trial court, however, did not accept her view of the evidence. We adhere to the admonition of N.D.R.Civ.P. 52(a): "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." We are not left with a definite and firm conviction the trial court made a mistake in rejecting Porth's view of the evidence and finding no fraud. The trial court's finding is not clearly erroneous.

## V

Curtis argues Porth's appeal is frivolous, and he requests double costs and attorney's fees under N.D.R.App.P. 38. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in litigation which evidences bad faith. *Williams v. State,* 405 N.W.2d 615, 625 (N.D. 1987); *Healy v. Healy,* 397 N.W.2d 71, 76 (N.D.1986); *Mitchell v. Preusse,* 358 N.W.2d 511, 514 (N.D.1984). Porth's appeal is not substantively frivolous, and we are not persuaded it was taken in bad faith. Accordingly we deny Curtis's request for double costs and attorney's fees under N.D.R.App.P. 38.

## VI

The county court judgment is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.