## IRWIN v. TAUBMAN.

Laws 1909, c. 283, provides that if the county designated for trial in the complaint be not the county in which defendant resides, the action may be tried therein unless defendant, before the time for answering expires, demand in writing that the trial be had in the county in which he resides. Held, that the time within which the application must be made is the 30 days provided by the Code within which defendant may answer, and the extension of such time by plaintiff's attorney, upon defendant's application, beyond the statutory 30 days, does not extend the time within which defendant could demand a change of venue.

(Opinion filed November 21, 1910.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by W. E. Irwin against T. W. Taubman. From an order denying defendant's application for a change of venue, he appeals. Affirmed.

*E. A. Hitchcock* and *H. E. Hitchcock,* for appellant. *Preston & Hannett,* for respondent.

CORSON, J. This is an appeal by the defendant from an order denying his application for a change of place of trial from Davison county to Aurora county. This action was instituted by the plaintiff to recover of the defendant damages arising from an alleged libelous publication claimed to have been made by the defendant in a newspaper, published at Plankington, Aurora county. The action was commenced in the circuit court in and for Davison county and personal service of plaintiff's summons and complaint was made by the sheriff of Davison county upon the defendant within that county on October 27, 1909. Upon application of defendant's attorneys, the plaintiff, by his attorneys, within 30 days from the date of the service of summons and complaint, extended the time for answering to December 17, 1909, the statutory time of 30 days from the date of the service of summons and complaint expiring on November 27, 1909. On the 10th day of December, 1909, within the time to answer as extended by consent of the plaintiff, the defendant, by his attorneys, made a written demand that the plaintiff's consent be given to change the place of trial from Davison county to Aurora county, in which latter county the defendant resided, which demand was refused.

On December 11th, appellant's attorneys obtained an order to show cause, returnable December 13th, why the place of trial should not be changed. The court, on the 14th day of February, 1910, made the order denying the application.

The only question presented on the appeal is, Did the extension of time, granted by the plaintiff to the defendant in which to file his answer, have the effect of extending the time within which the application was required to be made for the change of place of trial as provided by chapter 283, Laws 1909, which provides as

follows: "If the county designated for that purpose in the complaint be not the county in which defendant resides, the action may, notwithstanding, be tried therein *unless the defendant before the time for answering expires,* demands in writing that the trial be had in the county in which he resides"?

It is contended by the appellant that by reason of the extension of time granted by the respondent to the defendant for answering in the action, its effect was to extend the time for making a demand for a change of place of trial, and that the demand for the change made within the time for answering as extended was within the time as prescribed in the statute, and that therefore the court erred in denying defendant's application.

The respondent, however, contends that the time within which the application must be made, is definitely fixed by the terms, "before the time for answering expires," and that the time for answering, within the meaning of the statute, is the 30 days provided by the Code, and that the extension or time granted by the respondent as a favor to the appellant did not have the effect of extending the time for making the demand as prescribed by the statute. We are inclined to take the view that respondent is right in his contention and that the "time for answering" is limited to the 30 days allowed the defendant by law in which to file his answer, and not to the time as extended by the stipulation. Neither party has cited any authorities directly in point upon this question. The appellant has called our attention to the case of Grant v. Bannister, 145 Cal. 219, 78 Pac. 653, but the statute of California, it appears by the decision, is very different from the statute of this state upon the subject of change of place of trial. The court in its opinion says: "We can regard only the written stipulation. As modified, it extended the time to plead, but was silent as to any time in which to make a motion. The statute gave the defendants the right to make the motion *'at the time they appeared and answered or demurred.'* The stipulation giving further time to plead carried with it the right to move for a change of venue at the time of pleading." It will be observed that by the California statute the defendants were given the right to make the motion *"at the time they appeared and answered or demurred."*

The respondent cites a number of federal decisions in which it is held, under the United States law providing for the removal of actions from the state to federal courts, that the right of removal is lost unless the motion for the removal is made within a time fixed by the state statute or rules of the state court for the defendant to answer or plead, even though the time has been extended by stipulation and by order of court.

In Ruby Canyon Gold Min. Co. et al. v. Hunter et al. (C. C.) 60 Fed. 305, the Court of Appeals for this district, speaking by Mr. Justice Sanborn, in discussing this question, says: "The provision of section 3 * * * which requires the petition for removal to be filed in the state court 'at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,' is imperative, and requires the petition to be filed within the time fixed by the statute, * * * or within the time fixed by the rule of court, * * * and not within any time that a defendant may obtain by stipulation with the plaintiff, or by order of court. * * * It was not within any time that a defendant might procure to be given him by the court or his opponent, but within the time *fixed by the statute,* that Congress intended the petition should be filed."

While the law of 1909 prescribes that "unless the defendant, before the time for answering expires," take action for the removal and does not specify, "as required by the laws of this state," the Legislature clearly intended to limit the provision to the time in which, by law, the defendant is required to answer. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452. In our opinion the Legislature did not intend by the use of the term, "before the time for answering expires," to include such time as might be stipulated by the parties for answering.

The section, before it was amended in 1909, as appears by chapter 82, Laws 1905, amending section 102 of the Revised Code of Civil Procedure, reads as follows: "If an action is brought in the wrong county, and the defendant, *before answer,* demands a change of place of trial to the proper county," etc. The change

made by the Legislature of the term, "before answer," used in the law of 1905, to the term, "before the time for answering expires," clearly indicates that it was its intention to limit the time to the 30 days allowed by the statute to defendants in which to answer, and to readopt the provision as it existed in Code 1877, c. 8, Code Civ. Proc. § 95, Comp. Laws 1887, § 4891, and Code 1903, § 102, Code Civ. Proc.

To give the language of the statute the construction contended for by appellant leaves it too vague and uncertain as to the time when the application should be made. We cannot presume that this change in the phraseology, made in 1909, was not intentional and not for a purpose. The reason that may have suggested itself to the Legislature for this change, substituting the words "before the time for answering expires" for the words "before answer," was to limit the time definitely in order that no misunderstanding might arise as to when the motion for the change should be made, in analogy to the ruling in the federal courts.

Taking this view of the change in the statute and the purpose evidently intended to be accomplished by such change, the circuit court was clearly right in denying the motion and the order of the circuit court is therefore affirmed.