## C. A. McCARTY v. WILLIAM THORNTON and E. F. Maxey, Copartners, Doing Business under the Firm Name and Style of Thornton & Maxey.

### (165 N. W. 499.)

**Place of trial — complaint — county designated in — not proper county — change may be had — by defendant — must demand same — before time for answer expires — before actually making answer.**

1. In construing § 7418 of the Compiled Laws of 1913, which provides that, "if the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county, etc.," it is *held*, that a change of venue may not be demanded after an answer has actually been served, even though the time for answering which is provided for by the statute has not expired.

**Residence — habitation — fixed place of abode.**

2. A residence is a place where a man's habitation is fixed without a present purpose of removing therefrom.

**County of residence — action removed to — change of venue.**

3. Evidence examined and *held* not to support the claim of a residence in the county to which a change of venue is sought to be obtained.

**Demand for change — motion for — affidavits for — letters incorporated into — hearsay — objection to — none made in lower court — none can be heard in supreme court.**

4. When letters are incorporated in an affidavit which are hearsay in their nature, but no objection to the affidavit is made in the trial court on this ground, no such objection can be raised in the supreme court upon appeal.

Opinion filed November 8, 1917.   Rehearing denied December 14, 1917.

Action on the contract for the recovery of a commission.

Appeal from the District Court of Stark County, Honorable *W. C. Crawford,* Judge.

Judgment for plaintiff.

Defendant appeals.

Affirmed.

*Burdick & Converse,* for appellants.

Where the county designated in the complaint is not the county of the defendant's residence, and he desires a change of the place of trial to his own county, he must demand same before the time for answering expires. Comp. Laws 1913, § 7418.

Such demand may be made even after answer is served, if it is made within the statutory time allowed in which to answer. Penniman v. Fuller & W. Co. 133 N. Y. 443, 31 N. E. 318; Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617; Veeder v. Baker, 83 N. Y. 156; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452.

Upon such application the mere statement of some person, other than defendant, that defendant is not a resident of the county in which he claims a residence, is but a conclusion, of no probative value. It is hearsay. Bernou v. Bernou, 15 Cal. App. 341, 114 Pac. 1000; O'Brien v. O'Brien, 16 Cal. App. 103, 116 Pac. 692.

*Murtha & Sturgeon,* for respondent.

The demand for change of the place of trial from the county designated in the complaint, to the county of defendant's residence, must be made before the answer is served. This is true even though the time for answering has not expired. Comp. Laws 1913, § 7418; Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617; Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536; Potter v. Holmes, 72 Minn. 153, 75 N. W. 591; State ex rel. Hersey v. District Ct. 90 Minn. 427, 97 N. W. 112.

All of the defendants named must join in a demand for change of place of trial. 40 Cyc. 11, notes 46, 47 and 56; McKenzie v. Barling, 101 Cal. 459, 36 Pac. 8; Zeller v. Martin, 84 Wis. 4, 54 N. W. 330.

BRUCE, Ch. J.    In this case we are called upon to review the action of the district court in denying a change of venue. The statute involved provides that:

Sec. 7418. "If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county, etc."

Two questions are presented for determination:

(1) Whether under the provisions of § 7418 of the Compiled Laws of 1913, a demand for a change of venue can be made after the answer has been served but before the time for answering prescribed by the statute has expired.

(2) Whether the defendant, who was served by publication as a nonresident, was actually a resident of the county of Williams to which he desired the case removed.

On the first question but little, if any, direct authority can be found; most, if not all, of the cases cited by counsel being cases where the time for service prescribed by the statutes had actually expired and an extension of time had been agreed upon, or an amended answer had been sought to be interposed.

The judgment of the writer of this opinion is that the reasoning of the supreme court of South Dakota in the case of Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617, is applicable and should be followed by us; that the statute should be liberally construed in favor of the generally recognized rights of a defendant to be tried in the county of his own residence; recognition should be given to the fact that the legislature used the comprehensive words, "before the time for answering," rather than the limited words, "before answer;" and the statue therefore should be so construed as to allow the motion to be made within the time which is allowed for answering even though an answer has been actually served prior to such time.

This, however, is the opinion of the writer alone, and is not concurred in by the other members of the court. These members all believe and hold that the construction just contended for would be both contrary to the practice established in the state, and to the intention of the legislature. They believe that it was the intention of the framers of the statute to merely allow a defendant an opportunity to demand a change of venue up to the time when the issues are framed. They hold, therefore, that while the law allows a certain time in which to answer,

that time expires when an answer is actually interposed. They argue that, if an action is commenced more than ten days before the term in which a district court is appointed to be held, and the defendant answers forthwith, the action may be placed upon the calendar for trial at that time; and they claim that it certainly would not avail the defendant in a motion to strike the action from the calendar, that under the law the thirty-day period allowed in which to answer had not expired. So, they claim that when a defendant interposes an answer, he cannot afterwards, on a demand for a change of venue, assert that the time for answering has not expired. This, being the opinion of the majority, is the holding of this court.

This brings us to the determination of the question whether the defendant on the merits showed himself entitled to the change of venue. Did he show that he was a resident of the city of Williston and the county of Williams? We think not. The only affidavit filed by the defendant is as follows:

"E. F. Maxey, being duly sworn, says that he is one of the defendants in the above-entitled action, that at the time of the beginning of said action he was a resident of Williston, North Dakota, and still is a resident of Williston, North Dakota."

In reply to this affidavit the plaintiff filed the following:

"C. A. McCarty, being first duly sworn, says that he is the plaintiff in the above-entitled action; that he is a resident of the above county and has been for ten years last past; that he is acquainted with defendant E. F. Maxey and has been acquainted with him for one year last past; that said E. F. Maxey resides and has a home in Hillsboro, Iowa, and that he does not and has not resided at Williston, or any other place in North Dakota, during the past year; that said E. F. Maxey travels around the county a great deal selling horses, but that his place of residence is at Hillsboro, Iowa."

Plaintiff also filed an affidavit made by his attorney T. F. Murtha, which contained two letters from the Williston State Bank and First National Bank of Williston, and which were written in reply to two inquiries which were made on March 6, 1917, as to "where does this party live—in Williston or Hillsboro, Iowa?"

These letters were as follows:

Williston, N. Dak.
March 10, 1917.

Murtha & Sturgeon,
          Dickinson, N. Dak.
Gentlemen:—
  We have your favor of the 6th relative to the responsibility of E. F. Maxey, and advise you that he is almost unknown to us. He does not live in Williston, but came here sometime last month with a number of horses which he is selling or endeavoring to sell here. We do not even know the name of the town in Iowa from which he came.

Yours very truly,
O. W. Bell,
Ass't Cashier.

Williston, North Dakota,
March 8, 1917.

Murtha & Sturgeon,
          Dickinson, N. Dak.
Gentlemen:—
  Your letter of March 6th, inquiring if judgment against one E. F. Maxey would be good and could be collected, received, and in reply to same wish to state that we do not know this man and don't know where he lives in Williston, or anywhere else, and for that reason we could not give you any definite answer.

Very truly yours,
Simon Westby,
Cashier.

  We are satisfied that these affidavits do not conclusively prove the residence of the defendant E. F. Maxey in Williams county, and that the trial judge was justified in holding that such residence was not proved.

  Nor do we believe that there is any merit in the contention of counsel for defendant and appellant that the letters mentioned contained merely conclusions and expressions of opinion. Mr. Bell wrote positively that

Maxey did not live in Williston, but came there merely to sell horses. He also states that the said Maxey was almost unknown to him, which in itself is evidence of a lack of residence. The affidavit of McCarty also positively states that the defendant has a home in Hillsboro, Iowa.

If conclusion there is, it is to be found in defendant's and appellant's own affidavit, as he gives no facts, but merely states that "he was a resident of Williston." It was he who was the moving party, and the burden of proof was upon him.

A resident is " 'one who has a residence; in the legal sense a residence is defined as a place where a man's habitation is fixed without a present purpose of removing therefrom.' . . . 'The word, "resident" is the opposite of the word "transient." The former describes the person at rest in a town, while the latter describes him in his passage through or across it.' " Reckling v. McKinstry, 185 Fed. 842, 843; New Haven v. Middlebury, 63 Vt. 399, 21 Atl. 608; 4 Words and Phrases, 2d Series, 349, 350.

It is true that the letters from the bankers mentioned were incorporated in the affidavit of the attorney, Murtha, and to a certain extent were hearsay. No objection, however, seems to have been made on this ground in the court below, and none therefore can be made here. They were certainly competent to show an inquiry on the part of the attorney Murtha, and the result thereof.

The order of the District Court is affirmed.