THOMPSON A. PRICE, Appellant, v. HOWARD WILLSON, Respondent.

(171 N. W. 245.)

**Place of trial — change of — application for — time of — failure to timely make — default judgment — trial court may relieve from — necessary showing.**

Where a defendant through mistake, inadvertence, or excusable neglect fails to demand a change of place of trial and to interpose an answer within the time prescribed by law, the trial court may upon proper showing relieve the defendant from his default, both as regards the failure to answer and the failure to demand a change of place of trial.

Opinion filed December 27, 1918.

From an order of the District Court of Stutsman County, *Coffey J.,* plaintiff appeals.

Affirmed.

*John A. Jorgenson,* for appellant.

The court erred in changing the county or place of trial over objection, as no demand therefor was made "before the time for answer had expired." Comp. Laws 1913, § 7418.

It is the general rule that under statutes permitting demand for change of venue to be made "before answer," it may be made at any time before answer is actually served, whether within the original time allowed by statute, or within a time enlarged by stipulation.

But under statutes like that of this state the demand must be made "before the time for answering expires." Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617.

*M. J. Englert,* for respondent.

In a civil action, where through excusable mistake, oversight, and inadvertence a judgment is obtained by default, upon a proper showing, the trial court may not only relieve from such default judgment and reopen the case for further proceedings, but it may also hear and grant a motion for a change of the place of trial to the county of defendant's residence; Comp. Laws 1913, § 7483; Ogle v. Edwards, 133 Ind. 358, 33 N. E. 95.

41 N. D.—14.

CHRISTIANSON, Ch. J.   This is an action for false imprisonment commenced in the district court of Stutsman county.   The defendant is a resident of Barnes county, and the summons and complaint herein were served by leaving copies thereof at defendant's dwelling house in said Barnes county on January 4th, 1918.   The defendant was in Canada at the time the papers were served.   On his return he retained attorney M. J. Englert of Valley City, and informed him that the papers had been served on January 11th, 1918.   On February 6th, 1918, Englert prepared and mailed to plaintiff's attorney a demand for change of place of trial, supported by an affidavit showing that the defendant was a resident of Barnes county.   Englert, also, requested plaintiff's attorney to stipulate a change of venue and inclosed a stipulation providing therefor.   These papers were received by plaintiff's attorney on February 7th, 1918, and he returned them on the same day with a letter stating in effect that inasmuch as the time for answering had expired he could not sign the stipulation.   The defendant thereupon made an application to be relieved from the default and to be permitted to serve and file an answer; and that the place of trial be changed from Stutsman county to Barnes county.   The trial court granted the application, and plaintiff has appealed.

No complaint is made of, or error predicated upon, that portion of the order which permitted the defendant to serve and file an answer. The sole error assigned is, that the court erred in ordering a change of the place of trial.   The instant action is one properly triable in the county where the defendant resides.   Comp. Laws 1913, § 7417.   But the statute provides that "if the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county." Comp. Laws 1913, § 7418.   And the appellant contends that inasmuch as the time for answering had expired, the defendant was not entitled to demand, and the court was not authorized to order, a change of place of trial.   In support of this contention appellant cites Irwin v. Taubman, 26 S. D.   450, 128 N. W. 617.   The case cited was considered and disapproved by this court in McCarty v. Thornton, 38 N. D. 551, 165 N. W. 499.   And our views have undergone no change since McCarty v. Thornton, was decided.

But, the order changing the place of trial should be affirmed for a another reason. In the case at bar the defendant defaulted. He failed to serve an answer, and he, also, failed to serve a demand for a change of venue. The defendant applied to the court to be relieved from his default. The court granted the application. The correctness of the ruling insofar as it relieved defendant from his default is not questioned. The sole complaint is that the court did not limit the relief to a permission to serve an answer. In determining defendant's application the court was acting under § 7483, Compiled Laws 1913, which provides that a trial court may "in its discretion and upon such terms as may be just, allow an answer or reply to be made, *or other act to be done,* after the time limited" by the provisions of the Code of Civil Procedure. The defendant, owing to his mistake, and inadvertence failed to do two acts: (1) to serve a demand for a change of place of trial; and, (2) to serve an answer. When the court found that defendant's failure to do these acts were legally excusable, it clearly had the power under the statute to relieve defendant from the consequences of his default, and to allow the acts in question "to be done, after the time limited." The order appealed from must be affirmed. It is so ordered.