MARIE KILEY, Appellant, v. DAN MECKLER, Dan Leer and Thomas Meckler, Sr., Respondents.

(220 N. W. 926.)

Opinion filed August 6, 1928.

*Floyd B. Sperry* and *Wm. Westley,* for appellant.

*Peter A Winter,* for respondents.

BURR, J. This action was commenced in Burleigh county to recover damages for injuries received in a collision, and the summons and complaint were served upon the defendants who thereupon answered separately. Notice of trial was served upon the defendants on November 17, 1928. On November 22, 1927, the defendants served notice of motion for change of venue from the county of Burleigh to the county of Sheridan for the convenience of witnesses and in the furtherance of justice, which motion was based upon the affidavit of Peter A. Winter, including the complaint in the case. The defendants allege they had overlooked the fact the action had been commenced in Burleigh county, took it for granted the action had been commenced in Sheridan county, and it was not until the notice of trial was served they noticed the action was pending in Burleigh county; that if they had known the action was commenced in Burleigh county they would have applied immediately for change of venue, owing to the fact that all the defendants are residents of Sheridan county, that all the eyewitnesses to the collision reside in Sheridan county, to wit: a hardware man and a garage man; that the collision took place in Sheridan county; and that it is more convenient to try the case in Sheridan county, showing the distances the parties must necessarily travel in attending the trial. The plaintiff contested this motion and filed the affidavits of Floyd B. Sperry, Lloyd Coil, Mike Ryan, Geo. Rafferty, Wm. Kiley, Geo. Payseno and Marie Kiley, setting forth therein that while the *parties* reside in Sheridan county nevertheless none of the witnesses resides in Sheridan county, except one or two witnesses for the plaintiff, and it is more convenient for them to attend the term of court in Burleigh county; that her attorney resides in Burleigh county and that the term of court in Burleigh county commences earlier than the term of court in Sheridan county. She then sets up the predominating influence of the defendants' counsel, and the racial influence of the defendants in Sheridan county. On December 6, 1927 the court granted a change of venue on the ground "that all the defendants and the plaintiff reside in Sheridan county, North Dakota,

and did reside there at the time of the commencement of this action; and that the accident occurred at or near the village of Denhoff in Sheridan county; and that therefore, of necessity, most of the witnesses and the parties to this action will be benefited and it would be in the furtherance of justice that the action be tried in Sheridan county, North Dakota."

On the 11th day of February, 1928, plaintiff made a motion before the same court to reopen the order whereby the place of trial had been changed from Burleigh county to Sheridan county, and filed additional affidavits showing that because of the collision the plaintiff herein had received a broken hip, that she was treated therefor at the St. Alexius hospital in Bismarck; that the witness described in the affidavit for the defendants as being a resident of Sheridan county—the garage man—in fact is a resident of Stutsman county; that the witnesses for the plaintiff Wm. Kiley and Jas. Kiley live in Burleigh county; that all of the eyewitnesses to the accident, other than the parties, reside outside of Sheridan county; that the plaintiff had been treated for her injuries by Doctors Quain, Ramstad, LaRose, and Greibenow and had been attended by seven nurses; that all of these are residents of Bismarck and Burleigh county; that all of "these doctors and nurses are necessary and material witnesses;" and that the plaintiff cannot safely proceed to trial without them, stating in general what their testimony would be. The court thereupon reopened the hearing on the defendants' motion and reconsidered the application for change of venue. No further affidavits were filed by the defendants and no denial was made of statements contained in the new affidavit. After a hearing thereon the court on March 17, 1928, entered its order stating therein that:

"The court having considered said motion and the affidavits upon which it was made and the affidavits of the defendants opposed thereto, and the court being duly advised of the premises and having reopened and reconsidered the matter concerning the proper place for the trial of the above entitled action;" and directed that the "action be tried in the place for holding the district court term for Sheridan county, North Dakota."

From this order the plaintiff has appealed.

At the outset we are met with a motion to dismiss the appeal on the ground that the order appealed from is not an appealable order and

that the record does not have attached thereto the certificate of the presiding judge. The defendant did not appear before this court at the argument and the plaintiff asked the court for leave to remand the record to have the certificate attached. This motion was held in abeyance to permit argument on the merits. In Solon v. O'Shea, 45 N. D. 362, 177 N. W. 757, the court dismissed the appeal for failure to comply with subdivision B of rule 19 requiring the certificate of the judge to be attached. This was because there was nothing to indicate what were the papers upon which the trial court based its order. In the case at bar it would be an unnecessary act to remand the case to secure the certificate of the trial court as the court itself specifies in his order that the court considered "said motion and the affidavits upon which it was made and the affidavits of the defendants opposed thereto" and had "reopened and reconsidered the matter concerning the proper place for the trial of the above entitled action." It is quite evident therefore what the record is. The respondent does not claim that on this appeal appellants are making use of any affidavits or other papers that were not before the court, nor do they claim that any affidavits furnished by them have been omitted. The record as certified to this court by the clerk consists of the affidavits mentioned by both parties on this appeal —all of them, and no others.

The respondents object to the consideration of this appeal on the ground that this is not an appeal from the order granting a change of venue but, as they say, an appeal from an order "refusing to vacate a former order" granting the change of venue. This objection is not well taken. It is true the court made its first order in December and granted the motion for change of venue. No appeal was taken from this order, but the plaintiff asked the court to reopen and reconsider the matter. The record contains no objection by the respondents to this action on the part of the court and the matter was reopened, and re-reconsidered. It is clear therefore that when the matter came before the court in March 1928 the court was considering not the application to reopen but defendants' motion for a change of venue. The respondent did not appeal from this act of the court in reopening and reconsidering the application of the respondents for a change of venue. After considering all of the affidavits filed, the court signed the order of March 17, 1928, granting a change of venue to Sheridan county, and

from this order the plaintiff appealed. The plaintiff is appealing from the order granting a change of venue and not from an order refusing to vacate and reopen the former order.

Respondents say that the order appealed from is not an appealable order; but this is based on the theory that the order appealed from is an order refusing to vacate and set aside the former order. However this being an appeal from an order granting a change of venue, it is an appealable order. See Kramer v. Heins, 34 N. D. 507, 158 N. W. 1061.

This brings us to the merits of the appeal. Respondents say they would have demanded a change of venue as a matter of right had they not overlooked the fact that the case was commenced in Burleigh county and did not know it was commenced in Sheridan county until notice of trial was served. The application was not made until after the time for answering had expired and therefore it was too late to demand a change of venue as a matter of right. See McCarty v. Thornton, 38 N. D. 551, 165 N. W. 499; Price v. Willson, 41 N. D. 209, 171 N. W. 245. It will be observed the respondents did not, in their application for change of venue, ask to be relieved from any default because of inadvertence or excusable neglect as they might have done (Price v. Willson, supra), nor did they demand it as a matter of right.

The burden of showing good cause for a change of venue is upon the applicant. Curren v. Story, 41 N. D. 361, 362, 170 N. W. 875; Wolfson v. Schieber, 52 N. D. 165, 201 N. W. 830; McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483. When the applicants ask for a change of venue on the ground of convenience of witnesses and furtherance of justice they must show both points and the witnesses must be those other than the parties to the action. McConnon & Co. v. Sletten, supra. It is true such an application for a change of venue is addressed to the sound discretion of the court, Curren v. Story, supra, but if there be no witnesses who will be convenienced and if the furtherance of justice be not shown, then the order should not be sustained. The affidavits filed by each party show not only that the overwhelming number of witnesses are nonresidents of Sheridan county but also that the great majority of them live in Burleigh county. All of the eyewitnesses to the collision, other than the parties to the action,

live in Burleigh county, except one, who is a resident of Stutsman county, and possibly the hardware man, it is clear, from the geography of the state, that the Stutsman county witness would be convenienced more by going to Bismarck than to McClusky. It is the claim of the plaintiff the collision was the result of the negligence of the defendants and caused her a broken hip and other injuries. These injuries were treated in Bismarck by a number of doctors and nurses. It is evident she will require some if not all of these as witnesses. They reside in Burleigh county. But one witness would be convenienced by having the trial in Sheridan county and a dozen or more would be inconvenienced. The respondents say she can take their testimony by deposition; but she is not required to do so. In the bringing of her action she had a right to bring it in any county she saw fit. The respondents had the right then to demand a change to the county of their residence. They waived this right and therefore the plaintiff's right to have it tried in Burleigh county became absolute, subject to the sound discretion of the court to change it upon proper application.

We must not forget that the application for the change of venue was made under the provision of subdivision 3 of § 7418 of the Compiled Laws permitting a change "when the convenience of witnesses and the ends of justice would be promoted by the change." There is nothing to indicate that "the ends of justice" would be advanced in any way by trying the case in Sheridan county instead of Burleigh county, unless it be shown it would be more convenient for witnesses. Of course the more convenient it is for the witnesses the greater the probability of a satisfactory trial. The applicants alleged it would be in "furtherance of justice" to have the case tried in Sheridan county. However convenience of witnesses and parties is the only reason advanced. Nothing whatever is shown to the effect that justice would not be served as well or better in Burleigh county than in Sheridan county, in fact the plaintiff advances allegations tending to show justice would not be promoted as well in Sheridan county. The matter of an impartial trial is an entirely different ground. As stated in Stringer v. Davis, 30 Cal. 318, 322, "furtherance of justice" means "such justice as the law administers when correctly applied and not such as may be dictated by the abstract and varying notions of an individual as to what the equities of a case may be." See also Wells, F. & Co. v. McCarthy, 5 Cal. App.

301, 90 Pac. 203, 210. There is nothing to show promotion "of the ends of justice" when practically all the witnesses live in Burleigh county and one other is adjacent to Burleigh county, and the plaintiff had a right to try her case in the county she designated when the defendants had not demanded as their right a change to the county of their own residence.

We are satisfied that the convenience of witnesses and the furtherance of justice are not served by changing the place of trial from Burleigh county to Sheridan county. On the contrary these are best served by retaining the case in Burleigh county, and therefore the order of the district court is reversed, with costs to plaintiff.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.