[File No. 6884]

AUGUST SPRINGER, Appellant, v. PETER PAULSON, Respondent.

(9 NW(2d) 440)

Opinion filed May 10, 1943.

*Lee F. Brooks,* for appellant.
*Kaldor & Kaldor,* for respondent.

MORRIS, Ch. J.    This is an appeal from an order granting a motion for a change of place of trial from Cass county to Traill county.    The plaintiff brought an action in the district court of Cass county against the defendant for damages resulting from personal injuries received in an automobile accident.    The defendant is, and for many years has been, a resident of Traill county.    The summons and complaint were served on the defendant on August 14, 1942.    Shortly thereafter, he took these papers to the office of Mr. J. K. Bingham in Fargo, North Dakota.    Mr. Bingham was a Justice of the Peace and Acting Coroner of Cass county but not an attorney at law.    He drew an answer for the defendant.    This answer was in the form of a general denial.    It was turned over to a licensed attorney at law the next day and served on plaintiff's attorney on August 21, 1942.

The defendant says that he thought Mr. Bingham was an attorney at law and that he charged the defendant $10 for drawing the answer. Mr. Bingham, on the other hand, says that he never represented himself to be a lawyer and that he advised the defendant to see the best lawyer he could get but that the defendant was busy with his farm work and did not have time to consult an attorney.    Mr. Bingham then drew the answer.    His version of the payment is that the defendant took $10 out of his pocket and laid it on the desk—that Mr. Bingham said to him, "Mr. Paulson, I don't want that; I can't charge a thing."    Neverthless, the defendant went away and left the money.    Mr. Bingham told him to go home and not to worry because the answer would be filed and he had nothing to worry about.    He also advised the defendant to see his attorney.    The case was placed on the calendar for the November term of court in Cass county.    That term was adjourned to December.    In the meantime, the attorney to whom the answer had been turned over by Mr. Bingham retired from the case and the files were turned over

to Messrs. Kaldor & Kaldor of Hillsboro. On November 28, 1942, the new attorneys served a motion for leave to amend the answer and for a change of venue from Cass county to Traill county, the place of residence of the defendant. The court granted the motion for change of venue and for leave to amend the answer upon payment of $25 costs. The plaintiff appeals only from the order changing the place of trial.

The appellant relies on § 7418, ND Comp Laws 1913, and the case of McCarty v. Thornton, 38 ND 551, 165 NW 499. Section 7418, being a part of the Code of Civil Procedure, provides that: "If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county. . . ."

In McCarty v. Thornton, supra, this court construed the above statute and held that a change of venue may not be demanded after service of answer even though the time or period for answering provided by statute has not expired. The writer of the opinion in stating the construction of the statute as determined by the majority of the court said: "They believe that it was the intention of the framers of the statute to merely allow a defendant an opportunity to demand a change of venue up to the time when the issues are framed. They hold, therefore, that while the law allows a certain time in which to answer, that time expires when an answer is actually interposed. . . . When a defendant interposes an answer, he cannot afterwards, on a demand for a change of venue, assert that the time for answering has not expired."

The appellant contends that the statute as above construed is conclusive and determinative on this controversy. It is asserted that the answer interposed by the defendant terminated his right to a change of venue and that the court thereafter was without authority to allow such change.

The respondent relies on § 7483, ND Comp Laws 1913 and the case of Price v. Willson, 41 ND 209, 171 NW 245.

Section 7483, in so far as it is material to this controversy, provides: "The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done,

after the time limited by this code, or by an order enlarge such time." The above section is a part of the Code of Civil Procedure.

In Price v. Willson, an action was commenced in Stutsman county against a defendant who was a resident of Barnes county. The defendant failed to interpose an answer within the statutory period prescribed therefor or to demand a change of venue within such period. Judgment was entered by default. Thereafter the defendant made an application to be relieved from default and to be permitted to serve and file an answer and that the place of trial be changed to Barnes county. The trial court granted the application. Upon appeal this court adhered to its construction of § 7418 as expressed in McCarty v. Thornton, supra. Then went on to say: "But, the order changing the place of trial should be affirmed for another reason. In the case at bar the defendant defaulted. He failed to serve an answer, and he, also, failed to serve a demand for a change of venue. The defendant applied to the court to be relieved from his default. The court granted the application. The correctness of the ruling in so far as it relieved defendant from his default is not questioned. The sole complaint is that the court did not limit the relief to a permission to serve an answer. In determining defendant's application the court was acting under § 7483, Compiled Laws 1913, which provides that a trial court may 'in its discretion and upon such terms as may be just, allow an answer or reply to be made, *or other act to be done*, after the time limited' by the provisions of the Code of Civil Procedure. The defendant, owing to his mistake and inadvertence, failed to do two acts: (1) to serve a demand for a change of place of trial; and, (2) to serve an answer. When the court found that defendant's failure to do these acts were legally excusable, it clearly had the power under the statute to relieve defendant from the consequences of his default, and to allow the acts in question 'to be done, after the time limited.' "

The respondent contends that even though he had answered and therefore the time for demanding a change of venue under § 7418 had elapsed, the trial court nevertheless had the discretionary power under § 7483 to permit an application for change of venue to be made and to grant the same after the time limited by § 7418 had expired.

When the proper county for the trial of a civil action is that of defendant's residence under the provisions of § 7417, ND Comp Laws 1913, the right of the defendant to a trial in such county is absolute if

asserted within the time and in the manner provided by statute. First Nat. Bank v. Rohlik, 66 ND 72, 262 NW 458; Ott v. Kelley, 64 ND 361, 252 NW 269; State v. Osen, 67 ND 436, 272 NW 783; Ruchverg v. Russell, 71 ND 658, 3 NW(2d) 459, 139 ALR 1474. After the time for answering expires, the defendant may not apply for a change of place of trial to the county of his residence as a matter of right. That does not mean that the court no longer has power to consider such an application where the failure to make it within the time prescribed by § 7418 has expired. There seems to be as much reason for relieving a party from default due to the failure to make such an application within time as in many other nonjurisdictional defaults where good cause is shown to excuse the failure to make a timely application. See Kiley v. Meckler, 57 ND 217, 220 NW 926. The making of an application for a change of venue after the time for answering has expired is such an act as is contemplated by § 7483 and in the discretion of the court and upon such terms as are just, may be allowed to be done after the time limited by § 7418. Such an application was an appeal to the trial court's discretion. He had the power to entertain it. His order granting the application will not be disturbed by this court unless an abuse of sound judicial discretion is shown.

The circumstances of his case are unusual. The answer was prepared by one who is not an attorney at law. Whether the defendant knew he was not a member of the legal profession is in direct dispute. The defendant was entitled to a change of place of trial as an absolute right had he made application therefor before answering. The presentation of such an application is an act that falls within the purview of § 7483, ND Comp Laws 1913. It does not appear that the defendant was advised of his right to a trial in the county of his residence. He is a farmer with no knowledge of legal procedure. Under the facts here presented it is apparent that the district court did not abuse his discretion in excusing defendant's default in not applying for a change of venue before answering. Neither did the court err in granting the application and ordering the place of trial changed to the county of the defendant's residence. Affirmed.

CHRISTIANSON, BURR, NUESSLE, and BURKE, JJ., concur.