**JAMESTOWN PLUMBING & HEATING COMPANY, Plaintiff and Appellant,**

v.

**CITY OF JAMESTOWN, North Dakota, a Municipal Corporation, et al., Defendants and Respondents.**

Civ. No. 8620.

Supreme Court of North Dakota.

Sept. 1, 1971.

Floyd B. Sperry, Bismarck, and Mackenzie & Jungroth, Jamestown, for plaintiff and appellant.

Kenneth M. Moran, Jamestown, for defendant and respondent City of Jamestown.

Vernon R. Pederson and Myron Bothun, Asst. Attys. Gen., Bismarck, for defendants and respondents State of North Dakota and Walter R. Hjelle, State Highway Commissioner.

STRUTZ, Chief Justice, on reassignment.

This is the second time this case has been appealed to the Supreme Court. It is an inverse condemnation suit, in which the plaintiff seeks damages alleged to have been suffered because of certain street improvements made by the defendants. The facts are fully set forth in the opinion on the first appeal, and need not be repeated in detail here. Jamestown Plumbing & Heating Co. v. City of Jamestown, 164 N. W.2d 355 (N.D.1969). It is sufficient to say that the plaintiff is the operator of a plumbing business in the city of Jamestown which maintains a store where plumbing and heating supplies are sold. In 1960, the City of Jamestown and the State Highway Department made certain changes and improvements in the street and highway which is adjacent to and which passes the plaintiff's place of business. The plaintiff alleges that this construction caused the damages of which it complains, such as increased vibration and noise in the plaintiff's building; reduction of customer traffic because of elimination of access; inadequate drainage; and window breaking and splashing of slush and water on the plaintiff's building by passing traffic.

On remand, by appropriate proceedings, the case was transferred from the district court of Stutsman County, Fourth Judicial District, to the district court of Barnes County, First Judicial District. Upon retrial, the jury returned a verdict for the defendants, dismissing the plaintiff's complaint. The plaintiff thereupon moved for a new trial, urging and specifying as the sole ground in support of such motion, the insufficiency of the evidence to justify the verdict. This motion was denied by the trial court, and appeal thereupon was taken

from the order denying the motion for new trial and from the judgment.

On appeal, the plaintiff raises the issue of the trial court's action in transferring the case from Stutsman County in the Fourth Judicial District to Barnes County in the First Judicial District. In its motion for change of place of trial, the plaintiff had requested a change to Burleigh County, Fourth Judicial District. The plaintiff asserts that, since Barnes County adjoins Stutsman County, the transfer to a county which is in close proximity to the county in which the action had been tried the first time was prejudicial.

█ Section 28–04–07(2), North Dakota Century Code, provides that the court may change the place of trial when there is reason to believe that an impartial trial cannot be had in the county in which the action is pending. From early days, this court has held that an order refusing to change the place of trial on an application alleging that an impartial trial cannot be had in the county where the case is pending is subject to appeal. White v. Chicago, M. & St. P. R. Co., 5 Dak. 508, 41 N.W. 730 (1889).

█ The party moving for a change of place of trial has the burden of showing facts which would warrant the court's granting his motion and ordering such change. Bartholomay v. St. Thomas Lumber Co., 124 N.W.2d 481 (N.D.1963).

█ A decision on a motion for change of place of trial has been held to be within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. Curren v. Story, 41 N.D. 361, 170 N.W. 875 (1918); Springer v. Paulson, 72 N.D. 560, 9 N.W. 2d 440 (1943); Sand v. Queen City Packing Co., 108 N.W. 448 (N.D.1961); Barkman v. Quam, 123 N.W.2d 824 (N.D.1963).

█ Here, the plaintiff moved for change of place of trial on the ground that an impartial trial could not be had in Stutsman County, and specifically requested that the place of trial be changed from Stutsman County to Burleigh County. The trial court granted the motion for change of place of trial, but transferred the case to Barnes County. The mere fact that the court did not send the case to the county designated by the plaintiff in its motion was not an abuse of discretion. The plaintiff makes no showing that there are persons in Barnes County who may have a prejudice in the case. Even if there were some such individuals, the general rule is that no abuse of discretion will be presumed or inferred if, notwithstanding such persons, a fair and impartial trial can be had within the county where the case is tried. Knoepfle v. Suko, 114 N.W.2d 54 (N.D.1962).

No abuse of discretion in the trial court's designation of Barnes County as the place of trial has been shown.

We now will consider the plaintiff's appeal from the order denying the motion for new trial and from the judgment.

█ A party moving for new trial on the ground of insufficiency of the evidence to support the verdict must point out wherein the evidence is insufficient. Sec. 28–18–09, N.D.C.C.

█ It is error for the trial court to exercise its discretion in granting a new trial when the motion does not comply with this requirement and where such defect is duly objected to by the adverse party. Sullwold v. Hoger, 110 N.W.2d 457 (N.D.1961).

█ The discretion of the trial court in passing on such motion for new trial, when properly made, is a legal discretion to be exercised in the interests of justice. Johnson v. Frelich, 165 N.W.2d 343 (N.D. 1969).

█ In the case before us, the appellant does point out reasons for its assertion that the evidence is insufficient to justify the verdict of the jury in dismissing its complaint. It contends that the evidence dis-

closes that the reconstruction of the street in front of plaintiff's place of business damaged the plaintiff because it caused increased vibration and noise; that the number of customers was reduced because access to the building was made difficult; that the plaintiff's place of business was damaged because of inadequate drainage; and that the plaintiff was damaged because of window breakage by passing traffic and the building was dirtied by splashing slush. It is further asserted that defendants failed to introduce evidence to contradict the plaintiff's evidence, and that the evidence in the case therefore fails to justify the verdict of the jury dismissing the plaintiff's complaint.

The plaintiff's motion for new trial was denied by the trial court after due consideration. In its memorandum opinion denying the motion, the trial court stated that there is evidence upon which the jury could have found either way, and pointed out that expert witnesses for the defendants had testified that there were no damages suffered by the plaintiff, giving their reasons for so concluding. The trial court then determined that the jury was fully justified in reaching the verdict which it did reach.

We have carefully examined the plaintiff's motion for new trial and the particulars specified wherein the evidence is claimed to be insufficient, and we have reviewed, re-examined, and considered all of the evidence adduced at the trial. We find that the trial court's order denying the motion for new trial is fully supported by the evidence; that the jury was justified in finding that the conditions upon which the plaintiff bases its claim for damages either did not injure the plaintiff as claimed, or, if the plaintiff's property was, to some extent, actually damaged, as testified to by the plaintiff's witnesses, any such adverse effect was more than offset by an increase in the value of such property because of the public improvement to the street. All issues were fully and fairly presented to the jury, and the jury found that the plaintiff had suffered no damage.

■ Where the evidence is conflicting, as it is in this case, and reasonable men might draw different conclusions therefrom, the Supreme Court on appeal will not disturb the verdict of the jury based upon such evidence or the trial court's order denying motion for new trial on the ground of insufficiency of the evidence. Ternes v. Farmers Union Central Exchange, 144 N.W.2d 386 (N.D.1966); Kern v. Art Schimkat Construction Co., 125 N.W.2d 149 (N.D.1963); Killmer v. Duchscherer, 72 N.W.2d 650 (N.D.1955); Moe v. Kettwig, 68 N.W.2d 853 (N.D.1955); Clark v. Josephson, 66 N.W.2d 539 (N.D.1954).

As the trial court points out in its memorandum opinion denying the motion for new trial, the dispute in this matter has been going on since 1960. A previous jury decided the action in favor of the defendants and also found that the plaintiff suffered no damages. There was a prior appeal to the Supreme Court in which a new trial was ordered because of legal errors committed at the trial. Now a second jury, in a different judicial district, where there could have been no possible prejudice because of the prior decision, has again examined the evidence and has found that no damage was suffered by the plaintiff. We believe that under these circumstances this matter should now be brought to a conclusion.

For reasons discussed in this opinion, we find that the trial court did not abuse its discretion in denying the plaintiff's motion for new trial. The order denying the motion for new trial and the judgment therefore are affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.