Anita GEGELMAN, a minor, by and through her father and next friend, Gus Gegelman, Plaintiff and Appellee,

v.

Lawrence REIERSGAARD and Loretta Reiersgaard, Defendants and Appellants.

Civ. No. 9523.

Supreme Court of North Dakota.

Jan. 8, 1979.

George T. Dynes of Freed, Dynes, Malloy & Reichert, Dickinson, for plaintiff and appellee.

James D. Geyer of Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellants.

VandeWALLE, Justice.

This appeal presents the following issues:

1. Did the defendants make a timely request for a change of venue in accordance with Section 28–04–06, N.D.C.C., when they made the request more than 20 days after the service upon them of the summons and complaint but within the additional time allowed by the plaintiff in which to file their answer?

2. When they requested a change of venue, did the defendants make a prior written demand, as required by Section 28–04–06, N.D.C.C.?

3. Does Section 28–04–3.1, N.D.C.C., require that the plaintiff's lawsuit be tried in either the county where the cause of action arose or in the county of the defendants' residence?

■ We conclude that the defendants' demand for a change of venue was untimely, that we need not decide whether the defendants made a prior written demand for a change of venue, and that Section 28–04–03.1, N.D.C.C., does not require that the plaintiff's lawsuit be tried in the county where the cause of action arose or in the county of the defendants' residence.

The parties agree on the essential facts of this appeal. Anita Gegelman ("Gegelman"), a minor, brought a tort action through her father against Lawrence and Loretta Reiersgaard ("Reiersgaards") to recover damages for injuries allegedly suffered in a one-vehicle automobile mishap. On March 13, 1978, she served her summons and complaint upon the Reiersgaards. Although the accident occurred in Dunn County, and the Reiersgaards reside in that county, the complaint designated Stark County, North Dakota, as the place of venue. On March 31, 1978, the Reiersgaards' attorney telephoned the law office of Gegelman's attorney to request that the time to answer the complaint be extended by one week. Gegelman's attorney was unavailable, but his law partner, another attorney, granted the request. The Reiersgaards' attorney confirmed this extension in a letter to Gegelman's attorney dated March 31, 1978.[1]

On April 5 or 6, 1978, the Reiersgaards' attorney telephoned Gegelman's attorney to request a change of venue from Stark County to Dunn County. Gegelman's attorney refused this request. In the oral and written communications concerning the extension of time to answer, none of the persons involved mentioned an extension of time to demand a change of venue.

On April 7, 1978, the Reiersgaards' attorney served upon Gegelman's attorney the Reiersgaards' answer and a pleading entitled "Demand for Change of Venue" in which the Reiersgaards requested a change of venue to Dunn County. Gegelman's attorney continued to resist the demand for a change of venue. After a hearing, the district court issued an order denying the Reiersgaards' venue request because "the demand for change of venue was not made within the twenty day answering period provided by law." The Reiersgaards appeal the district court's decision to this court.

I

As mentioned above, while the Reiersgaards requested and received a one-week extension of time to answer Gegelman's complaint, they never requested additional time to demand a change of venue. Within the additional time to answer, however, they served both an answer and a pleading entitled "Demand for Change of Venue." The Reiersgaards argue that the demand was timely because Gegelman's extension of the time to answer also extended the time to demand a change of venue. Hence, they assert, the district court erred in denying their demand. Contrariwise, Gegelman argues, as she did with success in the district court, that the Reiersgaards' failure to demand a change of venue within 20 days of the service of the summons and complaint prevented them from exercising their absolute right within that 20-day period to a change of venue.

Under Section 28–04–06, N.D.C.C., a demand for a change of venue must be made "before the time for answering expires."[2] Our task is to determine whether the Reiersgaards complied with this statutory time requirement.

1. We are informed that it is the local custom for the defendant's attorney to confirm by letter to the plaintiff's attorney the extension of the time to answer. Although, here, the parties agree that an extension was granted, to avoid disputes in future cases, a better practice might be for the plaintiff's attorney to acknowledge in writing the extension to which he has agreed.

2. Section 28–04–06, N.D.C.C., provides:

"Except in the cases mentioned in section 28–04–01, if the county designated in the complaint is not the proper county for trial of the case, the action, notwithstanding, may be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial thereupon is changed by consent of the parties, or by order of the court."

Rule 12(a), North Dakota Rules of Civil Procedure, requires that a defendant serve his answer within 20 days of the service upon him of the summons and complaint. Although the Reiersgaards served their answer after the expiration of this 20-day period, the answer was timely because they asked for and received additional time to serve it. Did this extension of time to answer also extend the time to demand a change of venue? We hold that it did not.

Before we discuss this issue, we must emphasize that the right of a defendant to be tried in the county of his residence is valuable, but "that right is not without limit. The right to a change of venue must be invoked upon the terms and in the manner prescribed by statute, and where a demand is required it must be in proper form." *Hetletved v. Hansen,* 256 N.W.2d 360, 363 (N.D.1977). (Under Section 87 of the North Dakota Constitution, approved by the electors on September 7, 1976, our court has the authority to promulgate rules of procedure, but statutorily enacted rules of procedure are in effect until superseded or amended by our court.) When a defendant fails to comply with the statutory requirements, his demand for a change of venue, as here, must be denied.

The district court based its decision to deny the Reiersgaards' demand for a change of venue on *Irwin v. Taubman,* 26 S.D. 450, 128 N.W. 617 (1910), in which the Supreme Court of South Dakota, when presented with the same question that we face, held that an extension of the time to answer *does not* also extend the time to demand a change of venue. In support of their appeal, the Reiersgaards argue that this court has rejected the rationale of *Irwin.* See *Price v. Willson,* 41 N.D. 209, 171 N.W. 245 (1918); *McCarty v. Thornton,* 38 N.D. 551, 165 N.W. 499 (1917). The Reiersgaards' observation, however, is only partly correct.

The *Irwin* rationale actually comprises two parts, one which this court has rejected and one which it has accepted. In *Irwin,* the South Dakota court held that a demand for a change of venue must be made within

the statutory time for answering, regardless of when the defendant interposes his answer. It is apparent that this rule has two applications: first, when a defendant answers before the expiration of the time for answering; and, second, as actually occurred in *Irwin* and in the case at bar, when the defendant obtains an extension of the time for answering and answers before the expiration of the extension but after the expiration of the initial time for answering. Consistent with the *Irwin* rationale, in the former situation a defendant could still demand a change of venue so long as he did so within the remaining time for answering. In the latter situation the defendant would waive his right to demand a change of venue unless he made his demand within the initial time for answering. A recognition of the two sides of *Irwin* exposes the error within the Reiersgaards' argument.

In *McCarty v. Thornton, supra,* the author of this court's opinion, although disagreeing, stated the position of the majority:

"They believe that it was the intention of the framers of the statute to merely allow a defendant an opportunity to demand a change of venue up to the time when the issues are framed. They hold, therefore, that while the law allows a certain time in which to answer, that time expires when an answer is actually interposed. . . . So they claim that, when a defendant interposes an answer, he cannot afterwards on a demand for a change of venue assert that the time for answering has not expired." 38 N.D. at 553–554, 165 N.W. at 499.

It is clear, then, that in *McCarty v. Thornton, supra,* this court considered and rejected only the first part of *Irwin.*

*Price v. Willson, supra,* which the Reiersgaards argue supports their appeal, provided this court with its first opportunity to address the second part of *Irwin,* which applies to cases in which the time to answer has been extended beyond the initial statutory period. There, a plaintiff appealed from a district court's order that in part granted the defendant a change of venue despite the defendant's failure to answer

and to demand in writing a change of venue within the statutory time for answering. The plaintiff contended that the defendant's demand for a change of venue was untimely and should have been denied by the district court. Affirming the district court, this court said that it had rejected *Irwin* in *McCarty v. Thornton, supra,* and that its "views ha[d] undergone no change" since that decision. 41 N.D. at 210, 171 N.W. at 246. But whether the court actually rejected the second part of *Irwin* is unclear. First, the court did not differentiate between the two sides of the *Irwin* rationale, and cited only *McCarty v. Thornton, supra,* in which only the first part of *Irwin* was rejected. Second, after discussing *Irwin,* the court stated an alternative ground for its holding:

> "But the order changing the place of trial should be affirmed for another reason. . . . In determining the defendant's application, the court was acting under section 7483, Compiled Laws 1913, which provides that a trial court may 'in its discretion and · upon such terms as may be just, allow an answer or reply to be made, *or other act to be done,* after the time limited' by the provisions of the Code of Civil Procedure."[3] [Emphasis in original.] 41 N.D. at 211, 171 N.W. at 246.

If this court's rejection of the second part of *Irwin* had been the basis of its decision, it could have omitted this alternative ground. Finally, in *State v. Bloom,* 49 N.D. 224, 227, 190 N.W. 812, 813 (1922), this court cited *Price v. Willson, supra,* for the proposition that "The court, in certain cases, might even excuse the failure of defendants to demand a change of the place of trial within the time prescribed." This statement casts further doubt on the contention that in *Price* this court rejected the second part of *Irwin.* In *Price,* because the district court extended the defendant's time for answering and the plaintiff did not appeal that extension, a rejection of the second part of *Irwin* would have meant that the

defendant's demand for a change of venue *was made within* the prescribed time. But, four years later, in *State v. Bloom, supra,* this court indicated that the defendant's demand in *Price was not within* the prescribed time.

We need not resolve the conflicts in *Price,* however, because in *Agricultural Credit Corporation v. Land Investment Co.,* 66 N.D. 343, 265 N.W. 410 (1936), this court unequivocally approved the second part of *Irwin.* In that case, demurring to the plaintiff's complaint in a mortgage-foreclosure action, the defendants. asserted that, among other things, the action was brought in the wrong county. The district court overruled the demurrer. On appeal, this court affirmed the district court and wrote:

> "2 Bancroft's Code Prac. & Rem., § 1024, p. 1470, states: 'In Nevada, North Dakota and South Dakota, the statutes provide that if the county designated for that purpose in the complaint is not the proper county, the action may notwithstanding be tried therein unless the defendant makes a demand for a change before the time for answering expires. Under such a provision the time within which a party must make a demand begins to run from the date of the service of summons. And the consent of the attorneys of the plaintiff to an extension of time for answering does not change the time for a demand for a change of venue.' Section 7418, North Dakota Compiled Laws 1913; section 2328, Revised Code of South Dakota 1919; *Page v. Walser,* 43 Nev. 422, 187 P. 509; *Connolly v. Salsberry, supra* [43 Nev. 182, 183 P. 391]; *Irwin v. Taubman,* 26 S.D. 450, 128 N.W. 617; *Price v. Willson,* 41 N.D. 209, 171 N.W. 245; *Gotthelf v. Merchants' Bank, supra* [33 S.D. 259, 145 N.W. 542].

> "In the case of *McDonald v. Second National Bank of Nashua, N.H.,* 106 Iowa 517, 76 N.W. 1011, 1013, two mortgages were executed by the same parties to

---

**3.** This provision was recodified as § 28–2901, N.D.R.C. 1943, and, finally, superseded by Rule 60(b), N.D.R.Civ.P. Although the district court might have granted an untimely demand for change of venue through Rule 60(b), N.D.R. Civ.P., that issue is not before us in this appeal.

secure the same indebtedness, covering land in two different counties. The court said: 'But the mere fact that an action is prosecuted in the wrong county does not deprive the court of jurisdiction. This happens when the action is purely in rem, and not in personam as well. *Orcutt v. Hanson,* 71 Iowa 514, 32 N.W. 482. But if the action is personal, and also pertains to the res, and is brought in the wrong county, the only remedy is that provided by section 3504 of the Code, which is, in part: "If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county." *Lyon v. Cloud,* 7 Iowa 1; *Cole v. Conner,* 10 Iowa 299; *Goldsmith v. Willson,* 67 Iowa 662, 25 N.W. 870.' This is a construction of a statute identical with section 7418, Comp. Laws 1913, and the court held that the right to a trial in the proper county was waived by failure to appeal and make demand within the statutory time. The defendants have waived the right by failing to appear within the time for answering and making demand in writing for a change of place of trial, and this applies to all the defendants, the guarantors as well as the mortgagors." 66 N.D. at 348–349, 265 N.W. at 412.[4]

In *Agricultural Credit Corporation,* the district court's order overruling the defendants' demurrer stated that the "Defendants may answer within 20 days after the service of this order; . . ."[5] If, as the Reiersgaards argue, the "time for answering," as used in Section 7418, Comp. Laws of N.D., 1913, and its successor, Section 28–04–06, N.D.C.C., expired only when a defendant actually framed the issues by interposing his answer, the defendant would have had 20 days from the overruling of the demurrer in which to demand a change of venue. That argument is contrary to the actual result in *Agricultural Credit Corporation, supra.* Therefore, *Agricultural Credit Corporation* constitutes a rejection of the Reiersgaards' argument and an acceptance of the second part of *Irwin,* which applies to extensions of the time to answer. Hence, the district court acted within its authority in denying the Reiersgaards' demand for a change of venue.[6]

## II

Because we have found that the district court properly denied the Reiersgaards' untimely demand for a change of venue, we need not address Gegelman's argument that the Reiersgaards made no prior written demand for a change of venue, as required by Section 28–04–06, N.D.C.C.[7]

## III

■ The Reiersgaards argue that Section 28–04–03.1, N.D.C.C., required Gegelman to bring this action in Dunn County, the county where the cause of action arose and where the defendants reside.[8] They assert that the last sentence of Section 28–04–03.-1, N.D.C.C., establishes that only by order

---

**4.** In *Agricultural Credit Corporation,* the court was construing § 7418, Comp. Laws of N.D., 1913. With revisions in form and the addition of one subsection not relevant here, this provision was recodified as §§ 28–0406 and 28–0407, N.D.R.C. 1943, and, finally, as §§ 28–04–06 and 28–04–07, N.D.C.C.

**5.** The district court's order, not set out verbatim in the *Agricultural Credit Corporation* opinion, may be found in the appellant Land Investment Corporation's brief, filed with the Clerk of the Supreme Court.

**6.** For other decisions reaching the same result as we reach here, see *Connolly v. Salsberry,* 43 Nev. 182, 183 P. 391 (1919); *Vaughn v. Dawes,* 7 Mont. 360, 17 P. 114 (1888).

**7.** For a case discussing this issue, see *Hetletved v. Hansen,* 256 N.W.2d 360 (N.D.1977).

**8.** Section 28–04–03.1, N.D.C.C., provides:

"An action against the owner or driver of any motor vehicle arising out of and by reason of the negligent driving, operaton, management, or control of such motor vehicle may be brought either in the county where such action arose, in the county of the residence of the defendant, or in the county of the residence of the majority of the defendants. In any event the venue of the action shall not be changed unless by order of the court pursuant to section 28–04–07."

of the district court pursuant to Section 28–04–07, N.D.C.C., could Gegelman bring her action in Stark County.

Confronted with Section 28–04–06, N.D.C.C., which with one exception allows a plaintiff to bring his action in any county unless the defendant makes a timely demand in writing that the trial take place in the proper county, the Reiersgaards turn to Sections 1–02–07 and 1–02–33, N.D.C.C.[9] They appear to argue that, based upon these two statutes, Section 28–04–03.1, N.D.C.C., the more recent and more specific provision, is inconsistent with, and therefore prevails over or amends, Section 28–04–06, N.D.C.C., the older and more general provision. To invoke the statute they cite to support their argument, the Reiersgaards must demonstrate that the conflict between Section 28–04–03.1 and Section 28–04–06, N.D.C.C., is "irreconcilable" [Sec. 1–02–07, N.D.C.C.] or that the former statute "repeals, amends, or is inconsistent with" [Sec. 1–02–33, N.D.C.C.] the latter statute. This they have not done.

We interpret the last sentence of Section 28–04–03.1, N.D.C.C., to establish that no matter in which county an action within the purview of the statute is brought, whether or not the action is brought in the proper county, the venue of such action may be changed only by court order, pursuant to Section 28–04–07, N.D.C.C. If the action is brought in an improper county, Section 28–04–07(1), N.D.C.C., permits the court to change the place of trial to the proper county.[10] Yet, *unless* the defendant makes a timely written demand to change the place of trial to the proper county, Section 28–04–06, N.D.C.C., allows the action to be tried in an improper county.[11] We therefore must find that, contrary to the Reiersgaards' argument, Sections 28–04–03.1 and 28–04–06, N.D.C.C., are consistent and are not in irreconcilable conflict. Here, the proper county of venue was Dunn County. When Gegelman brought the action in Stark County, the Reiersgaards should have proceeded pursuant to Sections 28–04–06 and 28–04–07, N.D.C.C., to obtain a change of venue to Dunn County. When they failed to do this, the district court acted within its authority in denying their demand for a change of venue.

## CONCLUSION

For the reasons stated above, we affirm the order of the district court.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

9. Section 1–02–07, N.D.C.C., provides:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

Section 1–02–33, N.D.C.C., provides:

"Any statute other than this code, whether enacted at the 1961 session of the legislative assembly or thereafter, shall be deemed to have been enacted subsequently to the enactment of this code. If any such statute repeals, amends, or is inconsistent with any provision of this code, the provisions of such statute shall prevail."

10. Section 28–04–07, N.D.C.C., provides, in part:

"The court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county; . . ."

11. Once again, as this court has done many times with regard to other North Dakota venue statutes [see, e. g., *Hetletved v. Hansen, supra*], we emphasize that the right of a defendant to be tried in the places designated in Section 28–04–03.1 is absolute only if he complies with our statutory procedures.